UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>       Plaintiff,<br><br>    v.<br><br>GOOCH, et al.,<br><br>       Defendants. | Case No. 1:19-cv-00653-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY SANCTIONS UP TO AND INCLUDING DISMISSAL OF THIS LAWSUIT SHOULD NOT ISSUE FOR FALSE STATEMENTS IN COMPLAINT<br><br>THIRTY-DAY DEADLINE |

      Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 14, 2019. (ECF No. 1). On October 17, 2019, the Court issued a Screening Order and granted Plaintiff leave to amend. (ECF No. 9). On November 7, 2019, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 10).

      In Plaintiff's original and First Amended Complaint, Plaintiff made representations under penalty of perjury about the number of previous or pending lawsuits he has brought while a prisoner.  It appears from publicly available information that these representations were false.

      Accordingly, the Court orders Plaintiff to submit a statement within 30 days why Plaintiff should not be sanctioned.  In the alternative, Plaintiff may voluntarily withdraw this lawsuit, without prejudice.

\\\

\\\

## I. REPRESENTATIONS IN PLAINTIFF'S VERIFIED COMPLAINTS

Plaintiff's complaints use the form Civil Rights Complaint for this district. That form complaint asks information about Plaintiff's previous or pending lawsuits. It specifically asks whether Plaintiff has "brought any other lawsuits while a prisoner" and "how many." It also asks Plaintiff to list all other previous or pending lawsuits on an additional page.

In Plaintiff's original complaint, filed on May 14, 2019, Plaintiff has inserted "13" to the question of how many other lawsuits he has brought while a prisoner. (ECF No. 1). In Plaintiff's first amended complaint, filed on November 7, 2019, Plaintiff similarly indicates that he has brought 13 other lawsuits while a prisoner. (ECF No. 10). Plaintiff fails to list any other lawsuits, instead writing "no party herein has been party to any res judicada [sic] is no issue." (ECF No. 1, at p. 1).

Plaintiff's complaints were filed under penalty of perjury. The form complaint requires a declaration at the end of the form stating "I declare under penalty of perjury that the foregoing is true and correct." (ECF No. 1, at p. 16; ECF No. 10, at p. 17). Plaintiff signed and dated the form following this declaration. Additionally, in both complaints, Plaintiff included his own verification stating: "I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except for those alleged on information and belief, and as to those I believe them to be true. I certify swear under penalty of perjury that the foregoing is true and correct." (ECF No. 1, at p. 16; ECF No. 10, at p. 17).

## II. INFORMATION REGARDING PAST AND PENDING LAWSUITS FROM PUBLIC RECORD

Based on publicly available records, it appears that Plaintiff's representations regarding his past and pending lawsuits are false.

The Court located and takes judicial notice of the following 34 federal cases Plaintiff brought before commencing this action:

1. *Hammler v. Montanez*, Case No. 1:14-cv-00383 (E.D. Cal.), filed March 17, 2014
2. *Hammler v. Davis*, Case No. 2:14-cv-02073 (E.D. Cal.), filed September 8, 2014
3. *Hammler v. Wright*, Case No. 2:15-cv-01645 (E.D. Cal.), filed August 3, 2015
4. *Hammler v. Macomber*, Case No. 2:15-cv-01913 (E.D. Cal.), filed September 10, 2015
5. *Hammler v. Haas*, Case No. 2:15-cv-02266 (E.D. Cal.), filed November 2, 2015

6. *Hammler v. Pita*, Case No. 2:16-cv-01684 (C.D. Cal.), filed March 11, 2016
7. *Hammler v. Hudson*, Case No. 2:16-cv-01153 (E.D. Cal.), filed May 27, 2016
8. *Hammler v. Pita*, Case No. 2:16-cv-05754 (C.D. Cal.), filed August 2, 2016
9. *Hammler v. Kirkland*, Case No. 2:16-cv-01944 (E.D. Cal.), filed August 17, 2016
10. *Hammler v. Director of CDCR*, Case No. 1:17-cv-00097 (N.D. Cal.), filed January 9, 2017
11. *Hammler v. Aviles*, Case No. 3:17-cv-01185 (S.D. Cal.), filed June 12, 2017
12. *Hammler v. Alvarez*, Case No. 3:17-cv-01533 (S.D. Cal.), filed July 27, 2017
13. *Hammler v. Director of CDCR*, Case No. 2:17-cv-01949 (E.D. Cal.), filed September 20, 2017
14. *Hammler v. Hernandez*, Case No. 3:18-cv-00259 (S.D. Cal.), filed February 02, 2018
15. *Hammler v. Alvarez*, Case No. 3:18-cv-00326 (S.D. Cal.), filed February 09, 2018
16. *Hammler v. Melendez*, Case No. 2:18-cv-00588 (E.D. Cal.), filed March 19, 2018
17. *Hammler v. Kernan*, Case No. 3:18-cv-01170 (S.D. Cal.), filed June 04, 2018
18. *Hammler v. Hough*, Case No. 3:18-cv-01319 (S.D. Cal.), filed June 18, 2018
19. *Hammler v. L. Franklin*, Case No. 2:18-cv-05525 (C.D. Cal.), filed June 21, 2018
20. *Hammler v. Andrea Grey*, Case No. 2:18-cv-09760 (C.D. Cal.), filed November 20, 2018
21. *Hammler v. Lyons*, Case No. 1:19-cv-01650 (E.D. Cal.), filed December 21, 2018
22. *Hammler v. Clark*, Case No. 1:19-cv-00373 (E.D. Cal.), filed January 3, 2019
23. *Hammler v. Baugham*, Case No. 2:19-cv-00245 (E.D. Cal.), filed February 6, 2019
24. *Hammler v. M. Biallas*, Case No. 2:19-cv-01824 (C.D. Cal.), filed March 13, 2019
25. *Hammler v. Kernan*, Case No. 1:19-cv-00497 (E.D. Cal.), filed March 14, 2019
26. *Hammler v. Katz*, Case No. 2:19-cv-00467 (E.D. Cal.), filed March 14, 2019
27. *In Re: Hammler*, Case No. 1:19-mc-00019 (E.D. Cal.), filed March 22, 2019
28. *Hammler v. Peterson*, Case No. 2:19-cv-00524 (E.D. Cal.), filed March 25, 2019
29. *Hammler v. Oliveira*, Case No. 1:19-cv-00417 (E.D. Cal.), filed April 2, 2019
30. *Hammler v. Dejiney Jones*, Case No. 2:19-cv-02831 (C.D. Cal.), filed April 12, 2019
31. *Hammler v. Gooch*, Case No. 1:19-mc-00026 (E.D. Cal.), filed April 15, 2019
32. *Hammler v. State of California*, Case No. 1:19-mc-00028 (E.D. Cal.), filed April 22, 2019
33. *In Re: Hammler*, Case No. 1:19-mc-00029 (E.D. Cal.), filed April 29, 2019
34. *Hammler v. Hernandez*, Case No. 1:19-cv-00616 (E.D. Cal.), filed May 8, 2019

The Court located and takes judicial notice of the following three state cases brought before commencing this action:

1. *Hammler v. Kirkland*, Case No. 34-2016-00197599-CL-PO-GDS (Cal. Super. Ct. Sacramento County), filed July 19, 2016
2. *Hammler v. Paramo*, Case No. 37-2016-00044051-CU-PO-CTL (Cal. Super. Ct. San Diego County), filed December 14, 2016
3. *Hammler v. Alternate Public Defenders*, Case No. BS129159 (Cal. Super. Ct. Los Angeles County), filed June 15, 2017

Based on the decisions of other cases regarding Plaintiff's litigation history, it is likely that this number does not include all previous and pending lawsuits. In at least one of these

cases, Plaintiff had been declared a vexatious litigant under California law. *Hammler v. Kirkland*, No. 34-2016-00197599-CV (Cal. Super. Ct. Sacramento County), filed July 19, 2016. On February 21, 2017, the court declared Plaintiff a vexatious litigant. *Id.* No. 38. That court noted at least eight of his cases had been decided adversely to him and that he had another nine pending for a total of 17. *Id.* at 2.

Additionally, in at least one of these federal cases, the defendants had moved to declare him a vexatious litigant before Plaintiff filed this lawsuit, and the Court granted that motion before Plaintiff filed his first amended complaint. *Hammler v. Alvarez*, No. 3:18-cv-00326-AJB-WVG (S.D. Cal. Sept. 10, 2018), filed February 9, 2018. On September 10, 2018—over eight months before Plaintiff began this action—Defendants moved to declare him vexatious. *Id.* ECF No. 20. The defendants there attached an exhibit showing Plaintiff had filed 41 cases in California state and federal courts. *Id.* ECF No. 20-2. On August 13, 2019, the court declared him vexatious. *Id.*, ECF No. 63. The court noted that "Plaintiff has filed 50 separate cases against various prison officials and in various California courts since 2007. Just in the past five years, Plaintiff has filed 36 cases." *Id.* at 4 (citations omitted).

The Court also located and takes judicial notice of the following eight federal lawsuits filed between Plaintiff's original complaint and the FAC:
1. *Hammler v. Gooch*, Case No. 1:19-cv-00653 (E.D. Cal.), filed May 14, 2019
2. *Hammler v. Cota*, Case No. 2:19-cv-01423 (E.D. Cal.), filed June 4, 2019
3. *Hammler v. State of California*, Case No. 1:19-cv-00784 (E.D. Cal.), filed June 4, 2019
4. *Hammler v. State of California*, Case No. 1:19-cv-00785 (E.D. Cal.), filed June 4, 2019
5. *Hammler v. State of California*, Case No. 1:19-cv-01057 (E.D. Cal.), filed August 1, 2019
6. *Hammler v. Diaz*, Case No. 1:19-cv-01141 (E.D. Cal.), filed August 20, 2019
7. *Hammler v. Compose*, Case No. 1:19-cv-01149 (E.D. Cal.), filed August 23, 2019
8. *Hammler v. State of California*, Case No. 1:19-cv-01212 (E.D. Cal.), filed August 30, 2019

### III.    LEGAL STANDARDS

"Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (footnote omitted). "Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it

determines whether the filing was reasonable." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir.1990). However, a district court "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Simpson*, 77 F.3d at 1177 (citing *Warren*, 29 F.3d at 1390).

In relevant part, Rule 11 reads:

(b) *Representations to the Court*. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
   . . .
(c) *Sanctions*.
   (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
   . . .
   (3) *On the Court's Initiative*. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
   (4) *Nature of a Sanction*. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
   (5) *Limitations on Monetary Sanctions*. The court must not impose a monetary sanction:
     (A) against a represented party for violating Rule 11(b)(2); or

   (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.
 (6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11.

  Courts can also dismiss actions under their inherent authority as sanctions for falsified complaints. *Anheuser-Busch, Inc v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (holding dismissal under inherent authority proper when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice").

    **IV. CONCLUSION AND ORDER TO SHOW CAUSE**

  Plaintiff is thus ordered to show cause why, under Federal Rule of Civil Procedure 11 as well as the Court's inherent authority, the Court should not sanction Plaintiff for providing inaccurate statements under penalty of perjury, with sanctions up to and including dismissal of the case.

  In the alternative, Plaintiff may file a notice with the Court that he voluntarily dismisses this lawsuit.  Fed. R. Civ. P. 41(a)(1)(A)(i).

  Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why he should not be sanctioned, with sanctions up to and including dismissal of this case, for failing to comply with Federal Rule of Civil Procedure 11, or file a notice that he voluntarily dismisses this lawsuit.

  If Plaintiff fails to file a response, the Court will recommend to a district judge that this action be dismissed.

IT IS SO ORDERED.

 Dated: **April 21, 2020**     /s/ Erica P. Grosjean
                UNITED STATES MAGISTRATE JUDGE