UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOCH, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 16) |

    Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se*. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 19, 2020, Plaintiff filed a Second Amended Complaint. (ECF No. 14). On June 3, 2020, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against Defendants John Doe and Salcedo and Plaintiff's Eighth Amendment medical indifference claims against Defendants Salcedo, Gooch and Burnes should proceed past the screening stage. (ECF No. 16).

    Plaintiff was provided an opportunity to file objections to the findings and recommendations. On June 18 and 22, 2020, Plaintiff filed his objections. (ECF Nos. 20, 21).

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, Plaintiff does not state any errors in the legal reasoning by providing any alternative sources or case law.

For instance, Plaintiff argues that because he "assigned liability to all the named Defendant(s) via Paragraphs 21-24 and 26, where he alleged that each and every other Defendant was the Agent of each and every Defendant noted in Paragraph #14," more defendants should be liable for deliberate indifference. (ECF No. 21, at 2-3). However, as the Magistrate Judge noted in the Findings and Recommendations, a plaintiff must show that each defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). Plaintiff did not provide any reasoning to show why the Magistrate Judge was incorrect.

Plaintiff also points to 15 C.C.R. § 3271 to argue that Defendant Middleton was deliberately indifferent to his serious medical needs. A violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); see also, Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).

Plaintiff's other arguments are similarly unavailing.

//
//
//
//
//
//
//
//
//

Accordingly, the COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the Magistrate Judge on June 3, 2020 (Doc. No. 16) are ADOPTED IN FULL;
2. The following claims shall proceed past the screening stage: (1) Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against Defendants John Doe and Salcedo, and (2) Plaintiff's Eighth Amendment medical indifference claims against Defendants Salcedo, Gooch and Burnes; and
3. All other claims and defendants are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   December 1, 2020

SENIOR DISTRICT JUDGE