UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>v.<br><br>GOOCH, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>ORDER RE: DOCUMENT WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 43) |

      Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against Defendants John Doe and Salcedo, and Plaintiff's Eighth Amendment claims for medical indifference against Defendants Salcedo, Burnes, and Gooch. (ECF No. 16). These claims generally concern Defendants' alleged lack of response to Plaintiff's safety and medical complaints following a fire that exposed him to smoke.

      In the scheduling order, the Court noted that, if any party claimed the right to withhold witness statements and/or evidence gather from investigations into the incidents at issue in the complaint based on the information privilege or confidentiality, the withholding party was required to provide to the Court for *in camera* review any witness statements and evidence gathered as part of the investigations along with an explanation of why the witness statements and/or evidence should be withheld. (ECF No. 39, pp. 3-4).

On August 6, 2021, Defendant filed a notice of compliance with this provision of the scheduling order and thereafter submitted a document (AGO PRIV 0001-0002) via mail for *in camera* review. (ECF No. 43). Defendants included an explanation for why the document (AGO PRIV 0001-0002) should be withheld under the official information privilege. They also included a declaration from Attorney Peter Lewicki. (*Id.*).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

With these legal standards in mind, the Court has conducted an *in camera* review of the document (AGO PRIV 0001-0002) withheld under the official information privilege and concludes that it may be withheld under the official information privilege. The Court believes that the benefits of disclosure in terms of relevance to this lawsuit are outweighed by the potential disadvantages regarding confidentiality and security.

\\\
\\\
\\\

For the foregoing reasons, IT IS ORDERED that Defendants are permitted to withhold the document (AGO PRIV 0001-0002) under the official information privilege.

IT IS SO ORDERED.

Dated: __**August 11, 2021**__                    /s/ *Erica P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE