UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOCH, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, MOTION TO AMEND COMPLAINT AND DENYING MOTION FOR JUDICIAL NOTICE AND MOTION TO VACATE ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS<br><br>(ECF No. 45) |

　　　　Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 14, 2019. (ECF No. 1). On August 23, 2021, Plaintiff filed a combined motion to amend his complaint, motion for judicial notice, and motion to vacate the Court's order requiring the parties to exchange documents. (ECF No. 45). For the following reasons, the Court denies the motion to amend, without prejudice, and denies the motion for judicial notice and motion to vacate the Court's order.

　　　　**1.　　Motion to Amend Complaint**

　　　　Plaintiff seeks leave to amend his complaint "to add state claims." (*Id.* at p. 1). Plaintiff fails to list his proposed state law claims but states that such claims are "covered in the log #

1

1  6557," which is a reference to 602 Appeal Log Number CSPC-5-18-06557, with Plaintiff
2  attaching a CDC Form 695 for that log number to his motion. (*Id.* at 7; *see id.* at 14). The
3  attached form indicates that Plaintiff's appeal was rejected and that he had "exceeded the
4  allowable number of appeals filed in a 14 calendar day period pursuant to CCR 3084.1(f)" and
5  advises him that the "appeal is considered misuse or abuse of the appeals process" with
6  repeated violations possibly resulting in Plaintiff "being placed on appeal restriction as
7  described in CCR 3084.4(g). (*Id.* at 14).

8  Under Federal Rule of Civil Procedure 15(a), Plaintiff may amend his complaint with
9  leave of the Court, which the Court should freely give when justice so requires. In evaluating a
10 motion to amend, the Court considers the following factors: (1) undue delay; (2) bad faith; (3)
11 prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll.*
12 *Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to
13 the opposing party has long been held to be the most critical factor in determining whether to
14 grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.
15 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing
16 party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th
17 Cir. 1990) ("Prejudice to the opposing party is the most important factor.").

18 The Court will deny Plaintiff's motion because Plaintiff may not amend his complaint
19 in the manner proposed. Rather, if Plaintiff wants to amend his complaint, in addition to filing a
20 motion for leave to amend, he needs to file a copy of the proposed amended complaint that is
21 complete in itself.  Local Rule 220 ("Unless prior approval to the contrary is obtained from the
22 Court, every pleading to which an amendment or supplement is permitted as a matter of right or
23 has been allowed by court order shall be retyped and filed so that it is complete in itself without
24 reference to the prior or superseded pleading. No pleading shall be deemed amended or
25 supplemented until this Rule has been complied with.").

26 Therefore, Plaintiff's motion to amend will be denied, without prejudice to Plaintiff
27 refiling the motion with a signed copy of the proposed amended complaint, which is complete
28 in itself, attached.

If Plaintiff chooses to file a motion to amend his complaint, he is directed to specifically address the following factors in his motion: undue delay, bad faith; prejudice to the Defendants; and futility of amendment. Notably, Plaintiff filed this case on May 14, 2019, over two years ago. The Court has twice screened this case (ECF Nos. 9, 16), and Plaintiff is proceeding on his second amended complaint (ECF No. 14). Plaintiff should thus address why he did not assert these claims sooner and whether he learned any information after filing that led him to assert his new claims.[1]

### 2. Motion for Judicial Notice

Plaintiff moves the Court to take judicial notice of six pages of CDC Form 695 corresponding with Log Numbers CSPC-5-18-05242, CSPC-5-18-05527, CSPC-5-18-05597, and CSPC-5-18-06557. Each form indicates that Plaintiff's appeal had been rejected, that he has exceeded the number of allowable appeals within a 14-day period, and that repeated violations may result in him being placed on appeal restriction. (*Id.* at 9-14). Plaintiff's motion is unclear as to the reason why these documents are currently relevant in his case, but he generally indicates that they demonstrate a pattern of his appeals being improperly rejected. (*Id.* at 4).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*); *see also Kessler v. Bishop*, No. C 08-5554 PJH, 2011 WL 207981, at *3 (N.D. Cal. Jan. 21, 2011) ("Thus, while the court may take notice of the fact of plaintiff's grievance proceedings before the university, and the fact of the

---

[1] If Plaintiff's motion to amend is granted, the Court will screen the amended complaint and any new defendants will need to be served.

outcome, the court declines to take judicial notice of grievance proceedings for the truth of any allegations or statements contained therein."). Moreover, a court should not take judicial notice when the underlying facts are irrelevant. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998).

The Court will deny the motion for judicial notice. First, Plaintiff has provided no context for the Court to deem the documents relevant at this stage of the case, which is currently still in the discovery stage, and thus judicial notice is improper. On this point, it appears that these are documents that Plaintiff obtained in discovery, as he states that he received "six pages of paper labelled 'AGO,'" and each of the attached documents bears that label in the bottom-right-hand corner, along with a corresponding number, *e.g.*, AGO 000195. (*Id.* at 3, 11). To the extent that Plaintiff is filing discovery in the record, such is improper under Federal Rule of Civil Procedure 5(d)(1), which states that certain discovery requests and responses, such as requests for documents, "must not be filed until they are used in the proceeding or the court orders filing."

Second, to the extent that Plaintiff wants the Court to take notice of an alleged pattern of improperly denying his grievances, judicial notice cannot be used to take notice of Plaintiff's allegations. *Garber v. Heilman*, No. CV 08-3585-DDP (RNB), 2009 WL 409957, at *1 (C.D. Cal. Feb. 18, 2009) ("Plaintiff's request that the Court take judicial notice of his own list of encounters with the police (item no. 1) is denied because plaintiff's own characterization of the matters reflected in his chart does not qualify as a matter that is 'not subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)).

Third, to the extent that Plaintiff is seeking a determination by this Court that he has satisfied any exhaustion requirement associated with the appeals, the Court declines to make such a finding. The proper way to seek such a ruling is to file a motion for summary judgment. However, because exhaustion is a defense that Defendants have declined to raise in a summary judgment motion by the deadline identified in the scheduling order, Plaintiff need not do so.

**3.     Motion to Vacate Order Requiring Parties to Exchange Documents**

Plaintiff concludes his motion by asking "that the Court discharge order of ECF No. 40

as exhaustion is not challengeable in this case." (*Id.* at 7). The order that Plaintiff refers to was entered on April 22, 2021, and requires the parties to exchange certain documents. (ECF No. 40). On June 29, 2021, the Court, upon Plaintiff's motion for extension of time, granted Plaintiff 30 days from service of the order to provide the required documents, noting that Plaintiff had delayed his production thus far to avoid providing Defendants with documents that they already possessed but had not yet provided to him. (ECF No. 42).

While some of the documents required to be produced to Defendants may implicate exhaustion, and the deadline to file exhaustion motions has expired under the Court's scheduling order (ECF No. 39), the documents may nonetheless be relevant to the extent. The grievances and responses include Plaintiff's statement regarding the events as well as the institutions' responses.  Thus, they may be relevant to issues other than exhaustion.  *See Woodford v. Ngo*, 548 U.S. 81, 89, (2006) (noting that exhaustion promotes overall efficiency, such as by providing a useful record for later judicial proceedings).  Thus, the Court will not discharge its prior order.

However, to the extent Plaintiff is asserting that he has no documents on this subject other than those he has obtained from defendants, Plaintiff need not produce such documents. The Court's April 22, 2021 order states that the "[p]arties do not need to produce or documents or evidence that were provided to them by the opposing party." (ECF No. 40, p. 2). Thus, Plaintiff need only produce copies of documents regarding exhaustion that he has in his possession and has not already received from defendants.

Accordingly, for the above reasons, IT IS ORDERED as follows:

1. Plaintiff's motion to amend his complaint (ECF No. 45) is denied without prejudice;

2. Plaintiff's motion for judicial notice (ECF No. 45) is denied; and

\\\
\\\
\\\
\\\

1    3.	Plaintiff's motion to vacate the Court's order requiring the parties to exchange
2 documents (ECF No. 45) is denied.

IT IS SO ORDERED.

Dated:   **August 24, 2021**                          /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE