UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　v.<br>GOOCH, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>(ECF NO. 47) |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is currently before the Court on Defendants' motion to compel Plaintiff's exchange of documents. (ECF No. 47). For the reasons given, the Court will grant the motion to compel.

**I.　　BACKGROUND**

This case proceeds on Plaintiff's Eighth Amendment claims against Defendants Gooch, John Doe, Salcedo, and Burnes relating to a fire occurring in Plaintiff's prison and the Defendants' alleged deliberate indifference to the serious risk of the harm posed to Plaintiff by the fire and deliberate indifference to his serious medical needs. (ECF Nos. 16, 23).

On April 22, 2021, the Court issued a scheduling order (ECF No. 39) and a separate order (ECF No. 40) requiring the parties to exchange within 60 days certain documents central to the issues in the case, *e.g.*, witness statements and evidence generated from investigation(s)

1

related to events at issue in the complaint. On June 29, 2021, which is around the time that Plaintiff's exchange of documents would have otherwise been due, Plaintiff moved to extend the time for him to produce his documents to Defendants. (ECF No. 41). As grounds for the request, Plaintiff stated that he had prepared the documents he has related to the case, but he needs "to check them against CDCR records [so] that no confusion be engendered." (*Id.* at 2). Plaintiff also stated that he had not yet received Defendants' exchange of documents. (*Id.*). On June 29, 2021, the Court granted the motion, giving Plaintiff 30 additional dates to provide his documents to Defendants and noting that he did not need to provide to Defendants any copies of documents that he receives from them. (ECF No. 42). The Court further noted that, because Plaintiff's motion was filed around the time that the parties' exchanges of documents were due, a simple delay in the mail could be why Plaintiff has not received the documents yet from Defendants and Plaintiff was free to request another extension of time, or some other form of relief, if he still had not received Defendants documents within 30 days. (*Id.* at 1-2).

On August 23, 2021, Plaintiff filed motion that, in part, asked "that the Court discharge [the order requiring the parties to exchange documents] as exhaustion is not challengeable in this case." (ECF No. 45, p. 7). On August 24, 2021, the Court denied this request, concluding that, while some of the documents required to be produced to Defendants may implicate exhaustion, and the deadline to file exhaustion motions had expired under the Court's scheduling order (ECF No. 39), the documents may nonetheless be relevant to issues other than exhaustion. (ECF No. 46).

## II.   MOTION TO COMPEL

On September 22, 2021, Defendants filed the instant motion to compel Plaintiff's exchange of documents, asserting that while they served documents as required by the Court's April 22, 2021 order, they have yet to receive Plaintiff's documents despite sending him a letter on September 7, 2021 asking him to provide them and warning that they would otherwise file a motion to compel if he did not respond by September 17, 2021. (ECF No. 47). They ask the Court to enter an order compelling Plaintiff to provide them and warning him that he risks

sanctions should he continue to fail to provide the documents. (*Id.*). Despite Defendants' motion to compel advising Plaintiff that he had 21 days to respond under Local Rule 230(l), Plaintiff has failed to file any opposition, and the time to do so has now expired.

### III. ANALYSIS

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). In this case, the Court ordered the parties to exchange certain documents. (ECF No. 40). Despite extending the time for Plaintiff to provide these documents (ECF No. 42) and declining to vacate the requirement for Plaintiff to provide these documents (ECF No. 46), Defendants represent that Plaintiff has still failed to provide any documents.

Under Federal Rule of Civil Procedure Rule 37(a), a party may, as Defendants have done, "move for an order compelling disclosure or discovery." Further, as Defendants also note, a party's failure to obey a court order to provide discovery may subject to the party to a variety of sanctions under Rule 37(b)(2)(A), including the dismissal of the action in whole or in part.

Here, Plaintiff has failed to provide any response explaining why he has not provided documents as required by this Court's order. Accordingly, the Court will grant the motion to compel and warn Plaintiff of future sanctions should he not comply with this Court's orders.

### IV. ORDER

For the reasons given, IT IS ORDERED as follows:

1. Defendants' motion to compel Plaintiff's exchange of documents (ECF No. 47) is granted.
2. Within 30 days of service of this order, Plaintiff shall provide defense counsel with the documents required by the Court's April 22, 2021 order. (ECF No. 40).

3. To assist Plaintiff in complying with this order, the Clerk of Court is respectfully requested to mail Plaintiff a copy of this Court's April 22, 2021 order. (ECF No. 40).
4. If Plaintiff fails to comply with this order, Defendants may file a motion for sanctions.
5. Plaintiff is warned that failure to comply with this order may result in sanctions up to and including dismissal of the case for failure to prosecute and comply with court orders.

IT IS SO ORDERED.

Dated: **October 22, 2021**        /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE