UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>    v.<br>GOOCH, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS BE GRANTED, IN PART, AND THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 40, 42, 46, 48, 55)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

     Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 8, 2022, Defendants Salcedo, Gooch, and Burnes moved to dismiss this case as a sanction for Plaintiff's failure to comply with the Court's discovery orders. (ECF No. 55). To date, Plaintiff has failed to respond, and the twenty-one-day period for him to do so has expired under Local Rule 230(l). Because Plaintiff has failed to comply with the Court's orders and prosecute this case, the Court recommends dismissal of this action with prejudice.

**I.    BACKGROUND**

     Plaintiff filed this action on May 14, 2019, alleging claims arising from Defendants' alleged failures regarding a fire in Plaintiff's prison and in attending to Plaintiff's resulting

1

medical needs. (ECF No. 1). The case proceeds on Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against Defendants John Doe and Salcedo and his Eighth Amendment medical indifference claims against Defendants Salcedo, Gooch and Burnes. (ECF Nos. 1, 14, 23).

On April 22, 2021, the Court issued a scheduling order (ECF No. 39) setting a non-expert-discovery deadline of December 22, 2021, and a dispositive-motion deadline of January 21, 2022, and issued a separate order (ECF No. 40) requiring the parties to exchange within sixty days certain documents central to the issues in the case, *e.g.*, witness statements and evidence generated from investigation(s) related to events at issue in the complaint.

On June 29, 2021, which is around the time that Plaintiff's exchange of documents would have otherwise been due, Plaintiff moved to extend the time for him to produce his documents to Defendants. (ECF No. 41). As grounds for the request, Plaintiff stated that he had prepared the documents he has related to the case, but he needed "to check them against CDCR records [so] that no confusion be engendered." (*Id.* at 2). Plaintiff also stated that he had not yet received Defendants' exchange of documents. (*Id.*).

On June 29, 2021, the Court granted the motion, giving Plaintiff thirty additional days to provide his documents to Defendants and noting that he did not need to provide to Defendants any copies of documents that he received from them. (ECF No. 42). The Court further noted that, because Plaintiff's motion was filed around the time that the parties' exchanges of documents were due, a simple delay in the mail could be why Plaintiff had not received the documents yet from Defendants and Plaintiff was free to request another extension of time, or some other form of relief, if he still had not received Defendants documents within thirty days. (*Id.* at 1-2).

On August 23, 2021, Plaintiff filed motion that, in part, asked "that the Court discharge [the order requiring the parties to exchange documents] as exhaustion is not challengeable in this case." (ECF No. 45, p. 7). On August 24, 2021, the Court denied this request, concluding that, while some of the documents required to be produced to Defendants may implicate

exhaustion, and the deadline to file exhaustion motions had expired under the Court's scheduling order (ECF No. 39), the documents may nonetheless be relevant to issues other than exhaustion. (ECF No. 46).

On September 22, 2021, Defendants filed a motion to compel Plaintiff's exchange of documents, asserting that while they served documents as required by the Court's April 22, 2021 order, they had yet to receive Plaintiff's documents despite sending him a letter on September 7, 2021, asking him to provide them and warning that they would otherwise file a motion to compel if he did not respond by September 17, 2021. (ECF No. 47). They asked the Court to enter an order compelling Plaintiff to provide them and warning him that he risks sanctions should he continue to fail to provide the documents. (*Id.*).

After Plaintiff failed to respond to the motion to compel, the Court entered an order on October 26, 2021, granting the motion. (ECF No. 48). The Court ordered Plaintiff to provide defense counsel with the required documents within thirty days, and warned Plaintiff that, should he fail to comply, Defendants were authorized to file a motion for sanctions which could result in sanctions up to and including dismissal of the case for failure comply with court orders and to prosecute.

On November 8, 2021, Defendants moved to modify the scheduling order, in part, because Plaintiff had not yet provided any documents. (ECF No. 49). The Court granted the motion on November 9, 2021, extending the non-expert deadline to February 21, 2022, and dispositive-motion deadline to March 22, 2022. (ECF No. 50).

On February 8, 2022, Defendants filed their motion for discovery sanctions, stating that "Plaintiff has completely failed to disclose any documents." (ECF No. 55, p. 1). Citing Federal Rule of Civil Procedure 37, Defendants move to dismiss this action for failure to comply with the Court's discovery orders. Alternatively, Defendants seek a series of lesser sanctions: an order precluding Plaintiff from relying on evidence in this action that he has not produced; an order staying the proceedings until Plaintiff complies with the discovery orders, and $880 in attorney fees.

The motion is supported by the declaration of defense counsel, stating that, while Defendants have been in contact with Plaintiff as recently as January 5, 2022, with Plaintiff agreeing to provide discovery, Plaintiff has not produced the discovery and Defendants are unable to depose Plaintiff or conduct further discovery until they are able to review his discovery documents.[1] (ECF No. 55-2). Defense counsel also states that, should this case continue, Defendants will be forced to seek another modification to the scheduling order. Plaintiff has not responded to the motion for discovery sanctions, and his time to do so has expired.[2] *See* LR 230(l).

On February 18, 2022, Defendants sought another extension of the non-expert and dipositive-motion deadlines based off Plaintiff's failure to provide discovery. (ECF No. 56). The Court granted the motion on February 22, 2022, extending the non-expert deadline to May 23, 2022, and the dispositive motion deadline to July 20, 2022. (ECF No. 57).

**II.     LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. Likewise, under Rule 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (listing factors for consideration under Rule 37(b)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (listing same factors for consideration under Rule 41(b)).

---

[1] The declaration also notes that Plaintiff provided a letter in November 2021 purporting to attach some documents related to an appeal log; however, no discovery documents from Plaintiff were actually attached. (ECF No. 55-2, p. 2).

[2] Defense counsel filed another declaration on March 18, 2022, stating that Plaintiff had not sent any further correspondence or provided any discovery documents since the filing of the motion for discovery sanctions. (ECF No. 58).

"Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994), *as amended* (July 25, 1994) (citation omitted).

### III.  ANALYSIS

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to provide discovery as required by the Court's orders is delaying the case. (ECF Nos. 40, 42, 46, 48). Most notably, Plaintiff's failure to provide discovery has already caused Defendants to have to obtain two extensions of the non-expert and dispositive-motion deadlines, and, if this case were to continue, Defendants represent that these deadlines would need to be extended yet again to allow them to obtain and review Plaintiff's discovery. Moreover, Plaintiff has not filed anything in this case since August 23, 2021, and has failed to respond to Defendants' motion to compel and motion for sanctions. (*See* ECF Nos. 45, 47, 55). Allowing this case to proceed further, without any indication that Plaintiff wishes to prosecute this action, would waste judicial resources. *Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Given Plaintiff's repeated failure to comply with court orders to provide discovery, and his failure to file anything in this case for the last seven months, the Court finds that Plaintiff's failure to comply with this Court's orders is willful. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Specifically, the Court has already modified the schedule two times due to Plaintiff's failure to participate in discovery and he has still not provided the required discovery. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. (ECF No. 8). Moreover, although the Court retains the discretion and has considered dismissal without prejudice, it will recommend dismissal with prejudice given Plaintiff's failure to comply with multiple court orders, his failure to oppose Defendants' motion for discovery sanctions, and his failure to provide discovery to date. Defendants have had to expend significant time and effort in this case that would have to be duplicated if Plaintiff were permitted to refile his claims in a future lawsuit. Accordingly, because the Court recommends that Defendants' preferred sanction of dismissal of this action be granted, it will recommend that their alternative requests for lesser sanctions be denied.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III.  CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal with prejudice is appropriate although the exercise of discretion also permits dismissal without prejudice. Accordingly, the

Court HEREBY RECOMMENDS that:

    1.    Defendant's motion for discovery sanctions (ECF No. 55) be granted to the extent that it requests dismissal of this action in its entirety and denied to the extent that it requests alternative lesser sanctions;

    2.    This case be dismissed, with prejudice, because of Plaintiff's failure to comply with the Court's orders and to prosecute; and

    2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated:   **March 23, 2022**          /s/ *Erica P. Grosjean*
                                                     UNITED STATES MAGISTRATE JUDGE