UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>      v.<br><br>GOOCH, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS BE GRANTED, IN PART, AND THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 55, 59)<br><br>ORDER RESETTING REMAINING CASE DEADLINES<br><br>(ECF No. 64)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS BE DENIED AND THAT PLAINTIFF'S MOTIONS UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF Nos. 55, 66, 67)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. After Plaintiff failed to respond to

1

Defendants' motion to dismiss this case as a sanction for Plaintiff's failure to comply with the Court's discovery orders, this Court issued findings and recommendations on March 24, 2022, recommending that the motion be granted, in part, and the case be dismissed. (ECF Nos. 55, 59).

Thereafter, Plaintiff filed objections, attaching various documents, and alleging that his failure to provide discovery and otherwise litigate this case was due to being denied legal services. (ECF No. 63). Defendants filed a response, stating that Plaintiff's objections contained a document appearing to comply with the order to exchange documents, but that Plaintiff had nevertheless failed to justify the delay in complying with the Court's orders to provide discovery. (ECF No. 65). This Court ordered Plaintiff to file a reply specifically explaining his failure to provide discovery during the relevant time period and failure to timely respond to Defendants' motion for sanctions. (ECF Nos. 68, 70). Plaintiff has now filed his reply, asserting that a lack of legal resources, mental health issues, prisoner transfers, and disorganization of his legal files prevented him from timely providing discovery and responding to Defendants' motion for sanctions. (ECF No. 72).

In the meantime, Plaintiff has filed two motions under the All Writs Act—one seeking this Court to order prison officials to grant him inmate phone access and the other seeking to prohibit prison official's interference with his legal files. (ECF Nos. 66, 67). Defense counsel has filed a response on behalf of the Warden of California State Prison, Sacramento (CSPS) opposing both motions. (ECF No. 71).

Upon review of the pending filings, the Court will (1) vacate its March 24, 2022, findings and recommendations that Defendants' motion for sanctions be granted in part; (2) reset the remaining case deadlines; and (3) recommend that Defendants' motion for sanctions be denied and that Plaintiff's motions under the All Writs Act be denied.

I.  BACKGROUND

Plaintiff filed this action on May 14, 2019, alleging claims arising from Defendants' alleged failures regarding a fire in Plaintiff's prison and in attending to Plaintiff's resulting

medical needs. (ECF No. 1). The case proceeds on Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against Defendants John Doe and Salcedo and his Eighth Amendment medical indifference claims against Defendants Salcedo, Gooch and Burnes. (ECF Nos. 1, 14, 23).

On April 22, 2021, the Court issued an order requiring the parties to exchange within sixty days certain documents central to the issues in the case, *e.g.*, witness statements and evidence generated from investigation(s) related to events at issue in the complaint. (ECF No. 40). On June 29, 2021, Plaintiff moved to extend the time for him to produce his documents to Defendants. (ECF No. 41). As grounds for the request, Plaintiff stated that he had prepared the documents he has related to the case, but he needed "to check them against CDCR records [so] that no confusion be engendered." (*Id.* at 2). Plaintiff also stated that he had not yet received Defendants' exchange of documents. (*Id.*).

On June 29, 2021, the Court granted the motion, giving Plaintiff thirty additional days to provide his documents to Defendants and noting that he did not need to provide to Defendants any copies of documents that he received from them. (ECF No. 42). The Court further noted that, because Plaintiff's motion was filed close to the time that the parties' exchanges of documents were due, a simple delay in the mail could be why Plaintiff had not received the documents yet from Defendants and Plaintiff was free to request another extension of time, or some other form of relief, if he still had not received Defendants documents within thirty days. (*Id.* at 1-2).

On August 23, 2021, Plaintiff filed a motion that, in part, asked "that the Court discharge [the order requiring the parties to exchange documents] as exhaustion is not challengeable in this case." (ECF No. 45, p. 7). On August 24, 2021, the Court denied this request, concluding that, while some of the documents required to be produced to Defendants may implicate exhaustion, and the deadline to file exhaustion motions had expired under the Court's scheduling order (ECF No. 39), the documents may nonetheless be relevant to issues other than exhaustion. (ECF No. 46).

On September 22, 2021, Defendants filed a motion to compel Plaintiff's exchange of documents, asserting that while they served documents as required by the Court's April 22, 2021 order, they had yet to receive Plaintiff's documents despite sending him a letter on September 7, 2021, asking him to provide them and warning that they would otherwise file a motion to compel if he did not respond by September 17, 2021. (ECF No. 47). They asked the Court to enter an order compelling Plaintiff to provide them and warning him that he risks sanctions should he continue to fail to provide the documents. (*Id.*).

After Plaintiff failed to respond to the motion to compel, the Court entered an order on October 26, 2021, granting the motion. (ECF No. 48). The Court ordered Plaintiff to provide defense counsel with the required documents within thirty days, and warned Plaintiff that, should he fail to comply, Defendants were authorized to file a motion for sanctions, which could result in sanctions up to and including dismissal of the case for failure comply with court orders and to prosecute.

On February 8, 2022, Defendants filed their motion for discovery sanctions, stating that "Plaintiff has completely failed to disclose any documents." (ECF No. 55, p. 1). Citing Federal Rule of Civil Procedure 37, Defendants moved to dismiss this action for failure to comply with the Court's discovery orders. Alternatively, Defendants sought a series of lesser sanctions: an order precluding Plaintiff from relying on evidence in this action that he has not produced; an order staying the proceedings until Plaintiff complies with the discovery orders, and $880 in attorney fees.

The motion was supported by the declaration of defense counsel, stating that, while Defendants had recently been in contact with Plaintiff, with Plaintiff agreeing to provide discovery, Plaintiff had not produced the discovery and Defendants were unable to depose Plaintiff or conduct further discovery until they reviewed his discovery documents.[1] (ECF No.

---

[1] The declaration also notes that Plaintiff provided a letter in November 2021 purporting to attach some documents related to an appeal log; however, no discovery documents from Plaintiff were actually attached. (ECF No. 55-2, p. 2).

4

55-2). Plaintiff did not timely respond to the motion for sanctions.[2] *See* LR 230(l). On March 24, 2022, this Court issued findings and recommendations, recommending that Defendants' motion be granted to the extent that it requested dismissal of this action in its entirety and denied to the extent that it requested alternative lesser sanctions. (ECF No. 59).

After obtaining an extension, Plaintiff filed objections on May 19, 2022, asserting that his failure to exchange documents was due to his lack of access to legal materials, which has been caused by Law Librarian Hubbard denying him "all services" from November 10, 2021 to present. (ECF No. 63). Attached to the objections is an untimely response to the motion for sanctions, generally complaining that prison transfers caused him to be relocated without access to his legal files, which were in disarray when he was given them back by prison officials; that Law Librarian Hubbard has denied him copies; and that his placement in quarantine has limited his ability to litigate his case. (*Id.* at 13-16).

Defendants filed a response to the objections on June 3, 2022. (ECF No. 65). Referencing attachments to the objections, Defendants state that "[b]ecause Plaintiff's objections contained a document that appears to comply with the Court's previous order to exchange documents . . . Defendants respectfully submit that the underlying issue prompting the motion for sanctions now appears resolved." (*Id.* at 1). However, given the delay in production, Defendants request a monetary sanction of $880 should the District Judge not adopt the findings and recommendations, with this amount to be paid before Plaintiff be permitted to proceed further in this action. Further, Defendants state that Plaintiff's alleged denial of legal materials from November 10, 2021 to present does not account for Plaintiff's failure to comply with the order to exchange documents for the approximately seven months prior to November 2021.

Upon review of the objections and Defendants' response, the Court ordered Plaintiff to file a reply explaining, with as much specificity as possible, what prevented him from

---

[2] Defense counsel filed another declaration on March 18, 2022, stating that Plaintiff had not sent any further correspondence or provided any discovery documents since the filing of the motion for discovery sanctions. (ECF No. 58).

exchanging documents from the Court's April 22, 2021 issuance of its order until November 10, 2021, when Plaintiff states that he was denied all legal services. Likewise, Plaintiff was directed to explain what prevented him from timely responding to Defendants' motion for sanctions.

On July 20, 2022, Plaintiff filed a reply in support of his objections, stating that the following circumstances hampered his ability to provide discovery: (1) his correctional counsel refused to provide him copies of documents during an unspecified period of time; (2) he was admitted to "crisis bed hospital" from September 9, 2021 to September 21, 2021, and, upon his return, found that his legal files had been intentionally mixed up by prison officials in retaliation for unrelated litigation; (3) he was admitted to "crisis bed hospital" again from October 4, 2021 to October 6, 2021, and, upon his return, again found that his legal files had been mixed up; and (4) on October 29, 2021, he was transferred to Sacramento Psychiatric Services Unit and ran into issues with Law Librarian Hubbard, who he claims is denying him all law library services.[3] (ECF No. 72).

Also at issue here, are two motions that Plaintiff has filed under the All Writs Act, which Plaintiff asserts, if granted, will help him better litigate this case. The first motion seeks a court order directing prison officials to grant him inmate phone access for one hour two days a week, stating that his placement in administrative segregation limits him to only two fifteen-minute phone calls a month. (ECF No. 66). The second motion seeks a court order prohibiting prison officials from searching his legal files outside his presence, moving his legal files outside his presence, and taking his legal files from his personal possession outside extraordinary circumstances. (ECF No. 67). Plaintiff attaches a declaration in support of each motion.

Defense counsel has filed a response on behalf of the Warden of CSPS opposing both motions, arguing that Plaintiff's number of recent filings contradicts his allegation that he is unable to effectively litigate his case, that legitimate penological interests justify the restrictions

---

[3] Presumably, this last circumstance is intended to explain why Plaintiff could not timely respond to Defendants' motion for sanctions.

accompanying Plaintiff's placement in administrative segregation, and that Plaintiff fails to show the exigent circumstances supporting relief under the All Writs Act. (ECF No. 71). Attached to the response is a declaration by R. Largent, the Assistant Classification and Parole Representative at CSPS, which addresses Plaintiff's prison classification and restrictions. (ECF No. 71-1).

Plaintiff did not file a reply in support of his motions under the All Writs Act, and the time to do so has expired. *See* LR 230(l) (providing fourteen days to file a reply in prisoner actions).

## II. MOTION FOR SANCTIONS

### A. Legal Standards

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. Likewise, under Rule 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (listing factors for consideration under Rule 37(b)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (listing same factors for consideration under Rule 41(b)).

"Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994), *as amended* (July 25, 1994) (citation omitted).

### B. Analysis

Upon reviewing the above factors in its March 24, 2022 findings and recommendations, the Court concluded that they ultimately weighed in favor of dismissing this case with

prejudice because of Plaintiff's failure to comply with the Court's orders and to prosecute this action. (ECF No. 59). However, based on the additional filings in this matter, the Court will vacate its March 24, 2022 findings and recommendations. Notably, Defendants have acknowledged that Plaintiff has since provided "a document that appears to comply with the Court's previous order to exchange documents" and thus "the underlying issue prompting the motion for sanctions now appears resolved." (ECF No. 65, p. 1). While Defendants maintain that Plaintiff has unjustifiably delayed complying with this Court's order to exchange documents, the Court does not believe dismissal or a lesser sanction is warranted based on Plaintiff's explanations for his delay.

Here, Plaintiff has represented that his lack of legal resources, mental health issues, prisoner transfers, and disorganization of his legal files have prevented him from timely providing discovery and responding to Defendants' motion for sanctions. (ECF Nos. 63, 72). Even accepting these representations as true, Plaintiff has failed to explain the entirety of his delay in complying with the Court's order to exchange documents. And the record appears to contradict—at least to some extent—that he has been denied the ability to make copies of documents given that Plaintiff has been able to attach documents to his filings. (*See* ECF Nos. 41, 45, 63). Moreover, Plaintiff has filed numerous documents recently, showing that he has the ability to litigate at least currently. (ECF Nos. 63, 66, 67, 69, 72).

Nevertheless, Plaintiff's filings call into question the Court's previous conclusion that Plaintiff was intentionally failing to participate in the case and abide by Court orders. In other words, there is not sufficient evidence to conclude that Plaintiff's unresponsiveness was motivated by his own disobedience so as to sanction him with dismissal of the case. And Plaintiff indicates in his most recent filings that he plans to actively litigate this case going forward. Accordingly, the Court will recommend that Defendants' motion for sanctions be denied and will reset the remaining deadlines in this case.

However, the Court warns Plaintiff that any failure to comply with Court orders in the future will result in a recommendation to dismiss this case. Plaintiff must be diligent in prosecuting this case and if he needs more time to submit a filing based on his circumstances,

he should file a motion explaining the circumstances warranting an extension and attach any documents that support his representations. A failure to follow a court order in the future may result in a recommendation of dismissal or other sanction.

### III.     MOTIONS UNDER THE ALL WRITS ACT

Plaintiff's first motion and accompanying declaration assert that granting him additional phone access will help him better litigate this case because he can obtain assistance (such as by getting copies of documents) from outside sources, and, if his files are illegally confiscated, he can call the Attorney General to obtain the Office's assistance in getting them back. (ECF No. 66, p. 5). Plaintiff's second motion and accompanying declaration assert that prohibiting prison officials from accessing his legal files outside his presence will ensure that he can meet future deadlines in this case, presumably because his legal files will no longer be put in disarray in alleged retaliation for his litigation activities. (ECF No. 67, p. 4). The Warden's opposition and accompanying declaration of R. Largent contends that Plaintiff's number of recent filings shows that he is adequately able to litigate this case, that Plaintiff's violent history against prison staff supports Plaintiff's housing in administrative segregation with accompanying restrictions (like reduced phone privileges), and that Plaintiff fails to show the exigent circumstances supporting relief under the All Writs Act. (ECF No. 71).

#### A.     Legal Standards

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). *See*

1  *also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use
2  of the All Writs Act is appropriate in cases where prison officials, not named as defendants,
3  allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v.
4  Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an
5  order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the
6  Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his
7  counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only
8  in the most critical and exigent circumstances," and only "if the legal rights at issue are
9  indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal
10 quotation marks omitted).

### B.  Analysis

The Court recommends that Plaintiff's motions be denied because Plaintiff has failed to show that prison officials are impeding him from litigating this action. As an initial matter, Plaintiff has failed to offer sufficient evidence that prison officials are withholding legal supplies, denying him phone access, or mixing up his legal files to retaliate against him.

Additionally, Plaintiff does not show that his requests are critical to his being able to litigate this case. As to Plaintiff's allegations regarding his phone access, Plaintiff has not explained how being able to solicit copies from outside sources is critical to litigating this case, especially considering that Plaintiff's exchange of documents appears to be resolved according to Defendants.

Likewise, Plaintiff has not explained why it is critical, in light of the penological interests at CSPS, that prison officials not be permitted to search or move his legal files outside his presence. Once again, Plaintiff's exchange of documents appears to be resolved. Moreover, Plaintiff's number of recent filings suggests that he will be able to effectively litigate his case going forward.

In short, Plaintiff has not shown the presence of critical and exigent circumstances justifying the sparing use of injunctive relief permitted under the All Writs Act. As noted above, should Plaintiff's circumstances necessitate an extension of time to submit a court filing,

Plaintiff may file a motion explaining the grounds for an extension and supplying any supporting documentation.

### IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS

After considering the filings following this Court's March 24, 2022 findings and recommendations, IT IS ORDERED as follows:

1. The Court's March 24, 2022 findings and recommendations (ECF No. 59) are vacated;
2. The Court sets the remaining case deadlines:
   a. The parties' deadline to complete non-expert discovery is September 23, 2022;
   b. As a Doe Defendant remains in this case, Plaintiff is directed to file a motion to substitute the Doe Defendant by no later than September 23, 2022. Failure to do so may result in the dismissal of the Doe Defendant.[4]
   c. Defendants shall confer with Plaintiff,[5] and no later than September 23, 2022, shall file a report indicating each party's position on whether a settlement conference would be productive;[6]
   d. The parties' deadline to file dispositive motions is October 24, 2022;
3. All unmodified requirements in the Court's April 22, 2021 scheduling order (ECF No. 39) remain in effect, and the Clerk of Court is directed to mail Plaintiff a copy of the scheduling order (ECF No. 39) along with this order.

Based on the forgoing, the Court HEREBY RECOMMENDS that:

1. Defendants' motion for discovery sanctions (ECF No. 55) be denied; and
2. Plaintiff's motions under the All Writs Act (ECF Nos. 66, 67) be denied.

---

[4] Plaintiff may request documents from the named Defendants in order to identify the Doe Defendant. Plaintiff may also request a third party subpoena if this information is not available from the named Defendants. Plaintiff may refer to the Court's Scheduling Order for further information regarding the procedures for requesting documents from Defendants and for requesting a third-party subpoena.
[5] The parties may confer by letter.
[6] If the Court sets a settlement conference, the parties may request an extension of any remaining deadlines.

     These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

     Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: **July 27, 2022**  /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE