UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>             Plaintiff,<br><br>       v.<br><br>GOOCH, et al.,<br><br>             Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 83) |

      Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against defendants John Doe and Salcedo and his Eighth Amendment medical indifference claims against Defendants Salcedo, Gooch, and Burnes.  (ECF Nos. 14 & 23).

      Before the Court is Plaintiff's motion to compel production of the name of defendant John Doe, which Plaintiff served on November 30, 2022.  (ECF No. 83).  For the reasons described below, it will be denied.

      **I.    PLAINTIFF'S MOTION TO COMPEL**

      On November 30, 2022, Plaintiff served his motion to compel.  (ECF No. 83).  In the motion, Plaintiff asks for an order directing defense counsel to provide him the name of defendant John Doe.  (Id. at 1).  Plaintiff alleges that, after taking part in a deposition, he was under the impression that defense counsel would provide him the name without him having to

ask for it formally.  (Id. at 3).  At the deposition, Plaintiff had allegedly pointed out that, in response to his formal discovery request, Plaintiff received a copy of a log book that omitted the portion that contained defendant John Doe's name.  (Id.).

However, defense counsel failed to provide him with the name.  (Id.).  Plaintiff called defense counsel "last week," but could not get a hold of him.  (Id. at 3-4).  This occurred prior to the deadline to file a motion to substitute.  (Id.).  Plaintiff had spoken to defense counsel the week before, but because he was pressed for time, Plaintiff ended the call without asking for the name.  (Id. at 4).

## II.   DEFENDANTS' OPPOSITION

On December 28, 2022, Defendants filed their opposition to Plaintiff's motion to compel.  (ECF No. 86).  Defendants argue that "[t]his motion is untimely, and Plaintiff's assertion that Defendants 'omitted' log book entries that 'contained Doe's name' is demonstrably false, as Defendants provided the log book entries without any redaction or omission in accordance with the Court's Order Requiring the Parties to Exchange Documents. (ECF No. 86, p. 1) (citation omitted).  Moreover, "[a]t no time did Defendants' counsel inform Plaintiff that he would provide the name of the purported 'Doe' Defendant."  (Id. at 3).  On October 2, 2022, Plaintiff did serve twenty-two interrogatories on Defendant Salcedo, and Interrogatory Number 9 requested the name of defendant John Doe.  (Id. at 7).  However, Defendants objected because the interrogatories were untimely and because Plaintiff exceeded the number of allowed interrogatories.  (Id.).[1]

Attached to Defendants' opposition are unredacted copies of log book entries dated October 29, 2018, which Defendants assert they provided to Plaintiff on June 22, 2021.  (Id. at 10 & 15-16).[2]

## III.   PLAINTIFF'S REPLY

On January 20, 2023, Plaintiff filed his reply.  (ECF No. 88).  Plaintiff states that,

---

[1] Plaintiff does not move to compel a response to Interrogatory Number 9.  And, even if he did, the motion to compel would still be untimely.

[2] October 29, 2018 is the date of the alleged incident involving defendant John Doe (ECF No. 14, pgs. 7-8).

during his deposition, he spoke to defense counsel about identifying defendant John Doe. (Id. at 1). Defense counsel told Plaintiff that they could get to that issue after the deposition or talk about it during a break. (Id.). However, during the break, they got caught up in other matters. (Id.). Plaintiff alleges that defense counsel led Plaintiff to believe that he would provide Plaintiff with the name after Plaintiff told him that he had omitted portions of the log containing the Officer's Roster. (Id. at 1-2).

Plaintiff alleges that he was not provided with the Officer's Roster, on which correctional officers are mandated to sign in each time they arrive and sign out when they are done for the day. (Id. at 2). All log books are in the same format in all prisons, and the pages provided by defense counsel are not from the log book on the podium, as requested. (Id.). Instead, Plaintiff was provided with a book of notes on activities. (Id.).

### IV.   DEADLINES AND WARNING TO PLAINTIFF

The Court opened discovery in this action on April 22, 2021. (ECF No. 39). Certain deadlines, including the non-expert discovery deadline, were extended several times. (ECF Nos. 50, 57, 64, 73, & 75). However, the Court did not extend the motions to compel deadline, which ran on September 22, 2021 (ECF No. 39). The extended non-expert discovery deadline ran on November 7, 2022. (ECF No. 75, p. 2).

Additionally, on July 28, 2022, the Court set a deadline of September 23, 2022, for Plaintiff to file a motion to substitute a named defendant in place of defendant John Doe. (ECF No. 73, p. 11). Plaintiff filed a motion to extend this deadline. (ECF No. 79). Plaintiff's motion was late, and he failed to explain why he was unable to timely identify defendant John Doe and file a motion to substitute. Nevertheless, the Court granted Plaintiff's motion and gave him until November 14, 2022, to file a motion to substitute. (ECF No. 80). The Court also warned Plaintiff that "[n]o further extensions of this deadline will be granted." (Id. at 2).

Despite these deadlines and the warning that no further extensions would be granted, Plaintiff did not serve his motion to compel production of the name of defendant John Doe until November 30, 2022. (ECF No. 83, p. 7).

\\\

### V.   ANALYSIS

The Court will deny Plaintiff's motion to compel as untimely. Defendants have submitted evidence, and Plaintiff has not disputed, that, on June 22, 2021, Defendants provided October 29, 2018 log book entries for Plaintiff's housing unit. (ECF No. 86, p. 10). Thus, even if Plaintiff is correct that the log book entries provided by Defendants are deficient, it appears that Plaintiff had an opportunity to file a motion to compel and/or to otherwise follow-up on the deficiency before the September 22, 2021 motion to compel deadline.[3] However, he failed to do so. He also failed to file a motion to compel before the extended non-expert discovery cutoff of November 7, 2022, and his extended November 14, 2022 deadline to file a motion to substitute. Instead, he waited until November 30, 2022, to serve his motion to compel. Thus, Plaintiff's motion to compel is untimely.

Plaintiff also failed to adequately explain why he could not have timely filed his motion to compel. Plaintiff does allege that defense counsel misled him into believing that defense counsel was going to provide him with defendant John Doe's name. However, this occurred on September 23, 2022 (ECF No. 79, p. 2; ECF No. 86, p. 2), and it does not explain why Plaintiff did not file a motion to compel before this date. Further, even if Plaintiff was misled, he does not adequately explain why he waited over two months to file a motion to compel, despite being explicitly warned that no further extensions of the deadline to file a motion to substitute a named defendant in place of defendant John Doe would be granted (ECF No. 80, p. 2). Moreover, and most importantly, Plaintiff has not submitted evidence to support his assertion that he was misled by defense counsel. According to Plaintiff, at Plaintiff's deposition defense counsel told Plaintiff that they would discuss the issue later. Telling Plaintiff that the issue will be discussed later is not the same as telling Plaintiff that the name would be provided informally, and there is no evidence suggesting that defense counsel told Plaintiff it would be provided informally. Moreover, defense counsel has sworn under penalty of perjury that "[a]t

---

[3] While the Court is not addressing the merits of Plaintiff's motion to compel, the Court has reviewed the log book entries provided by Defendants, and they purport to list the names of prison staff working on October 29, 2018, and the names are not redacted. (ECF No. 86, pgs. 15-16).

no time did [he] inform Plaintiff that Defendants would provide this information 'informally' and without a discovery request." (ECF No. 86, pgs. 12 & 13).

Finally, the Court notes that granting the motion to compel and allowing Plaintiff to substitute a named defendant in place of defendant John Doe would significantly delay this case, which is nearing its end. Non-expert discovery has closed, the dispositive motion deadline has passed, no dispositive motions were filed, and a trial has been set. (See ECF No. 87). If the Court were to grant this motion and grant Plaintiff additional time to file a motion to substitute, defense counsel would need time to provide the relevant documents, and Plaintiff would need time to file a motion to substitute. After the named defendant was added, that defendant would need to be served, would be given a chance to take discovery, and given a chance to file a dispositive motion.

Accordingly, the Court will deny Plaintiff's motion to compel as untimely.[4] The Court will also separately issue findings and recommendations to the assigned district judge, recommending dismissal of defendant John Doe.

**VI.    ORDER**

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 83) is DENIED as untimely.

IT IS SO ORDERED.

Dated:  **March 2, 2023**                    /s/ Erica P. Grosjean
                                                                           UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that this is not the first time Plaintiff failed to comply with court-ordered deadlines. Plaintiff failed to timely comply with this Court's order requiring the parties to exchange documents, and he also failed to timely provide the documents after the Court granted Defendants' motion to compel. (See ECF No. 73). Given Plaintiff's failures, on July 28, 2022, the Court warned Plaintiff that "any failure to comply with Court orders in the future will result in a recommendation to dismiss this case. Plaintiff must be diligent in prosecuting this case and if he needs more time to submit a filing based on his circumstances, he should file a motion explaining the circumstances warranting an extension and attach any documents that support his representations. A failure to follow a court order in the future may result in a recommendation of dismissal or other sanction." (Id. at 8-9).