1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOCH, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00653-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT JOHN DOE BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF Nos. 73 & 80)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.  BACKGROUND

  Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claims for deliberate indifference to a serious risk of harm against defendants John Doe and Salcedo and his Eighth Amendment medical indifference claims against defendants Salcedo, Gooch, and Burnes. (ECF Nos. 14 & 23).

  Defendant John Doe has not been served. On July 28, 2022, the Court set a deadline of September 23, 2022, for Plaintiff to file a motion to substitute a named defendant in place of defendant John Doe. (ECF No. 73, p. 11). Plaintiff filed a motion to extend this deadline. (ECF No. 79). Plaintiff's motion was late, and he failed to explain why he was unable to timely identify defendant John Doe and file a motion to substitute. Nevertheless, the Court

granted Plaintiff's motion and gave him until November 14, 2022, to file a motion to substitute. (ECF No. 80).  The Court also warned Plaintiff that "[n]o further extensions of this deadline will be granted."  (Id. at 2).

Plaintiff's deadline to file a motion to substitute has passed, and Plaintiff has not filed a motion to substitute or identified defendant John Doe.  As Plaintiff has failed to identify defendant John Doe, the Court will recommend that defendant John Doe be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshals Service ("the Marshal") with accurate and sufficient information to effect service of the summons and complaint on defendant John Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m).

## II.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the

summons and complaint, dismissal of the unserved defendant is appropriate.  <u>Walker</u>, 14 F.3d at 1421-22.

### III.    ANALYSIS

Plaintiff was provided with a deadline to file a motion to substitute a named defendant in place of defendant John Doe.  (ECF No. 73, p. 11).  The Court also informed Plaintiff that he "may request documents from the named Defendants in order to identify the Doe Defendant.  Plaintiff may also request a third party subpoena if this information is not available from the named Defendants."  (<u>Id.</u> at n.4).  Plaintiff was warned that if he failed to file a motion to substitute by the deadline, defendant John Doe may be dismissed from this case.  (<u>Id.</u> at p. 11).  The Court also extended this deadline at Plaintiff's request.  (ECF No. 80).  However, Plaintiff's extended deadline has passed, and Plaintiff has not identified defendant John Doe or filed a motion to substitute a named individuals in place of defendant John Doe.[1]

As Plaintiff has failed to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant John Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that defendant John Doe be dismissed from the action, without prejudice.[2]

### IV.    RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendant John Doe be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant John Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file

---

[1] Plaintiff did serve a motion to compel production of the name of defendant John Doe on November 30, 2022.  (ECF No. 83).  However, this motion was denied as untimely.  (ECF No. 91).

[2] The Court notes that this case continues to proceed against defendants Salcedo, Gooch, and Burnes.

written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2023**                    /s/ Erica P. Grosjean

                                              UNITED STATES MAGISTRATE JUDGE

4