UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOCH, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00653-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 105)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious risk of harm against defendant Salcedo and his Eighth Amendment medical indifference claims against defendants Salcedo, Gooch, and Burnes. (ECF Nos. 14, 23, & 97).

　　　　On May 1, 2023, Plaintiff filed what the Court construes as a motion for an order under the All Writs Act, asking the Court to order prison officials to "grant him access to the phone and text message, along with e-mail app(s) available by and through his Global Tel-Link tablet." (ECF No. 105).

　　　　This motion is now before the Court. For the reasons described below, the Court will recommend that this motion be denied.

## I. PLAINTIFF'S MOTION

Plaintiff asserts that he is working with a team of "person(s)" outside prison who provide him financial assistance upon being lobbied and if funds are available.

Plaintiff further alleges that his incarcerated witness list and other evidence that he needs at trial was illegally confiscated on January 18, 2023. On that date, officer(s) entered his cell and ransacked it for no penological reason. They also mixed millions of his loose-leaf pages together. A large number of documents are unaccounted for, including work-product, case notes, and trial strategies. Thus, Plaintiff has to rethink his plans for trial, and he now needs to call a number of unincarcerated witnesses. To do this, Plaintiff needs funds to provide to the United States Marshal, and he can acquire the necessary funds if granted access to the phone, e-mail, and text message app(s) on his Global Tel-Link ("GTL") tablet (which he is already in possession of). Plaintiff also wants access to his tablet so that he can engage in interviews and direct his pro bono team members.

Plaintiff further alleges that he is already being provided access to the pay phone in the prisoner's common area twice a week pursuant to an order issued by a superior court in an unrelated case. That order precedes the GTL tablet technology being implemented, and is being revisited.

Plaintiff asserts that mail is not viable where instant responses are needed to ensure that opportunities are not lost to garner agreements where non-incarcerated witnesses have jobs and family obligations, and his ability to bend to their schedules by sending them a text or e-mail via GTL will increase the chance that trial "will go off without a hitch…."

Plaintiff further alleges that, as he wrote the motion, he could hear the prisoner in the cell next to his speaking on his GTL, while Plaintiff is being denied. Warden Lynch and his law staff created a block to the new technology. In doing so, they neglected to apply Turner. Moreover, there is no California Code of Regulation on the issue, and the public's voice has not been heard.

Finally, Plaintiff alleges that he has to be escorted to the phone in the prisoner's common area, but because he has a tablet, he need not be taken from his cell at all in order to use the phone. This would obviate the need for any and all physical contact, and would reduce the risk to

officers and himself during escorts.

Plaintiff asks the Court to order prison officials to "grant him access to the phone and text message, along with e-mail app(s) available by and through his Global Tel-Link tablet." (ECF No. 105, p. 1).

## II.   LEGAL STANDARDS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## III.   ANALYSIS

The Court recommends denying Plaintiff's motion.  "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), and Plaintiff has failed to show

1  that such circumstances exist here.

2      This case is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference
3  to a serious risk of harm against defendant Salcedo and his Eighth Amendment medical
4  indifference claims against defendants Salcedo, Gooch, and Burnes. (ECF Nos. 14, 23, & 97). It
5  is not proceeding on a claim that certain tablet functionality is being unconstitutionally withheld.

6      Moreover, Plaintiff has not sufficiently alleged that prison officials are impeding his
7  ability to prosecute this case. Plaintiff does allege that official(s) conducted a search for no
8  penological reason, and relevant documents were taken and/or mixed, but Plaintiff does not
9  sufficiently explain how having access to additional functionality on his tablet would remedy this
10 issue in any way.

11     Instead, he alleges that he needs the functionality so that he can contact unincarcerated
12 witnesses, and so that he can obtain the necessary funding to secure their attendance at trial.
13 However, Plaintiff's arguments are not persuasive. First, Plaintiff does not provide any details
14 regarding the witnesses he wants to call, or how those witnesses are relevant to this case. Second,
15 Plaintiff does not sufficiently explain why he cannot procure funding or contact witnesses by mail
16 or by phone (Plaintiff asserts that he has phone access). Finally, on January 4, 2023, the Court
17 informed Plaintiff that if he "wishes to have the Marshals Service serve any unincarcerated
18 witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court
19 no later than **April 7, 2023**. In order to ensure timely submission of the money orders, Plaintiff
20 must notify the Court of the names and locations of his or her witnesses, in compliance with the
21 instructions above, no later than **March 3, 2023**." (ECF No. 87, p. 5). Both of these deadlines
22 have passed, and Plaintiff did not ask the Court to extend them. Thus, it is too late for Plaintiff to
23 have the Marshals Service serve subpoenas on unincarcerated witnesses in any event.

24     As Plaintiff has failed to show that this is a critical and exigent circumstance, and as
25 injunctive relief under the All Writs Act is to be used sparingly, the Court will recommend that
26 Plaintiff's motion be denied.

27 **IV. RECOMMENDATION AND ORDER**

28     Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an

order under the All Writs Act (ECF No. 105) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2023**                              /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE

5