UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>           Plaintiff,<br><br>     v.<br><br>GOOCH, et al.,<br><br>           Defendants. | Case No. 1:19-cv-00653-JLT-EPG (PC)<br><br>ORDER VACATING PRETRIAL CONFERENCE AND TRIAL<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRETRIAL STATEMENT OR NOTICE WITHIN THIRTY DAYS |

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 4, 2023, the Court issued a second scheduling order. (ECF No. 87). The Court also directed the Clerk of Court to send Plaintiff a copy of Local Rule 281(b) (which lists the information that should be included in a pretrial statement), and advised the parties that "failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default." (Id. at 5).

On April 24, 2023, Plaintiff filed his pretrial statement. (ECF No. 101). In the statement, Plaintiff asserts that he cannot provide the names of his witnesses because his witness list was illegally confiscated by officers on January 18, 2023. Plaintiff also asserts that he cannot provide his exhibit list because, on the same day, "millions" of pages of legal files were mixed in an unrecognizable manner and Plaintiff is currently sorting through them.[1]

---

[1] California State Prison, Sacramento, contests Plaintiff's assertions. (ECF No. 107).

1

Providing a list with the names of witnesses Plaintiff intends to call at trial and a list of exhibits Plaintiff intends to use at trial is not optional.  If Plaintiff does not list any witnesses or exhibits in his pretrial statement, he will not be able to call any witnesses (except himself) or use any exhibits at trial.  Local Rule 281(b)(10) ("Only witnesses [] listed [in the party's pretrial statement] will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order."); Local Rule 281(b)(11) ("Only exhibits [] listed [in the party's pretrial statement] will be permitted to be offered at trial except as may be otherwise provided in the pretrial order.").

Accordingly, the Court will give Plaintiff thirty days to file an amended pretrial statement that includes a list of Plaintiff's witnesses and a list of Plaintiff's exhibits.  Alternatively, if Plaintiff is unable to provide this information within this thirty-day period, he shall instead file a notice explaining why in detail.  The notice shall also include a plan and timeline for filing an amended pretrial statement that includes this information.

As Plaintiff's deadline to respond to this order will run after the date of the pretrial conference (see ECF No. 99), the Court will also vacate the pretrial conference and the trial, which will be reset, if necessary, after Plaintiff responds to this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The pretrial conference and trial are VACATED.  They will be reset, if necessary, after Plaintiff responds to this order.
2. Plaintiff has thirty days from the date of service of this order to file an amended pretrial statement that includes his list of witnesses and list of exhibits.  If Plaintiff is unable to provide an amended pretrial statement that includes his witness list and exhibit list within this thirty-day period, Plaintiff shall instead file a notice explaining in detail why he cannot provide this information.  This notice shall also include a plan and timeline for filing an amended pretrials statement that includes this information.

\\\
\\\

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **May 8, 2023**                            /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE