# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 1:19-cv-00653 JLT EPG (PC) |
| Plaintiff, | ORDER OVERRULING OBJECTIONS TO AUGUST 21, 2023 ORDER |
| v. | |
| GOOCH, et al., | (Docs. 116, 117) |
| Defendants. | |

On January 4, 2023, the assigned Magistrate Judge ordered the parties to file pretrial statements by no later than April 14, 2023. (Doc. 87.) Both parties filed pretrial statements, however, Plaintiff's was deficient. (Docs. 100, 101.) Specifically, in an order dated May 8, 2023, the Magistrate Judge noted that Plaintiff asserted that he could not provide the names of his witnesses because his witness list was illegally confiscated by officers on January 18, 2023, and that he could not provide his exhibit list because, on the same day, "millions" of pages of legal files were mixed in an unrecognizable manner and he was currently sorting through them. (Doc. 109, p. 1.)

The Magistrate Judge advised Plaintiff that providing a list with the names of witnesses that Plaintiff intended to call at trial and a list of exhibits that he intended to use at trial was not optional. Rather, if he failed to list any witnesses or exhibits in his pretrial statement, he would not be able to call any witnesses (except himself) or use any exhibits at trial. Accordingly, the

1

Magistrate Judge gave Plaintiff thirty days to file an amended pretrial statement that included a list of Plaintiff's witnesses and a list of his exhibits. Alternatively, if Plaintiff could not provide this information within this thirty-day period, he was required to file a notice explaining why in detail. The notice was also supposed to include a plan and timeline for filing an amended pretrial statement that included this information.

On June 16, 2023, Plaintiff filed a motion for a thirty-day extension, stating that he had his files illegally confiscated on June 3, 2023, and his files were returned "in a state of disorder." (Doc. 111, p. 3.) The Magistrate Judge granted the motion, ordering Plaintiff to file an amended pretrial statement by no later than July 20, 2023. (Doc. 113.)

This deadline passed, and on July 27, 2023, Plaintiff filed a response to the Magistrate Judge's May 8, 2023 order, stating that he could not comply with the order because prison staff are not providing him with the names of incarcerated witnesses, which names he presumably would use to recreate his witness list. (Doc. 115.) As for the exhibits, he stated that he still could not find them because they are entangled with millions of pages mixed by prison officials.

Noting that this markedly deficient filing suggests that Plaintiff "does not intend to further amend his pretrial statement" within any relevant time, the Magistrate Judge issued an order on August 21, 2023, setting a pretrial conference on October 23, 2023, but giving Plaintiff another opportunity to file an amended pretrial statement by no later than September 22, 2023. (Doc. 116.) Plaintiff has filed objections to this order. (Doc. 117.)

In his objections, Plaintiff argues that he cannot prepare a complete pretrial statement because prison officials did not give him the discovery he needs, including the names of prison inmates he could question and unspecified documents. However, Plaintiff has not detailed the discovery he propounded during the discovery period (which expired, after several extension, on November 7, 2022 (Doc. 75)) to obtain this information nor has he filed a relevant motion to compel, a motion for sanctions, or any other substantive motion to address these issues. Notably, the deadline to file such motions was two years ago, on September 22, 2021. (Doc. 39) Finally, the deadline for Plaintiff to seek the attendance of incarcerated witnesses was March 3, 2023 (Doc. 87). Thus, despite any "mixing" of Plaintiff's "millions" of papers, this does not explain

1  why Plaintiff did not gather the discovery he needed. In addition, it is apparent that Plaintiff,
2  despite many opportunities and the passage of nine months since his legal pages were mixed up,
3  that he has not drafted an appropriate pretrial statement.
4  According to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), this
5  Court has reviewed Plaintiff's objections. Having carefully reviewed the entire file, the Court
6  concludes that the order is not clearly erroneous or contrary to law. Thus, the Court ORDERS that
7  Plaintiff's objections (Doc. 117) to the Magistrate Judge's August 21, 2023 order (Doc. 116) are
8  **OVERRULED**. The plaintiff is again advised that if he will bound at trial to the witnesses and
9  exhibits listed on his pretrial statement which **SHALL** be filed no later than **no later than**
10 **September 22, 2023.**

IT IS SO ORDERED.

Dated:   **September 7, 2023**

UNITED STATES DISTRICT JUDGE

3