UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER,<br><br>                     Plaintiff,<br><br>        v.<br><br>GOOCH, et al.,<br><br>                     Defendants. | Case No.: 1:19-cv-00653 JLT EPG (PC)<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AND PRETRIAL ORDER<br><br>Deadlines:<br><br>Proposed Jury Instructions: March 8, 2024<br><br>Motions *in Limine* Filing: February 16, 2024<br>Oppositions to Motions i*n Limine*: March 1, 2024<br><br>Trial Submissions:  March 8, 2024<br>**Jury trial:  March 19, 2024** |
|---|---|

On October 23, 2023, the Court conducted a pretrial conference with the parties via Zoom. Plaintiff Allen Hammler appeared *pro se*; Cassandra Shryock and Peter Lewicki appeared as counsel for Defendants Gooch, Salcedo, and Burnes. Having considered the parties' separate pretrial statements (Docs. 100 and 101), the Court issues this tentative pretrial order.

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  Specifically, the case is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious risk of harm against Defendant Salcedo and his Eighth Amendment medical indifference claims against Defendants Gooch, Salcedo, and Burnes. (Docs. 14, 23, 97.)  These claims stem from Defendants' alleged inaction in responding to (1) the risk a fire in the prison posed to Plaintiff's safety and (2) his resulting

medical needs.

A.   **MISCELLANEOUS MATTERS – ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED.**

At the pretrial conference, Plaintiff seemed to suggest that he would not present evidence at trial, even his own testimony. He repeatedly stated that the trial would be "a waste of taxpayer money" because he would present no evidence, while at the same time indicating that he would not dismiss his case. **Thus, within 21 days, Plaintiff SHALL show cause in writing why this action should not be dismissed due to his stated intention to refuse to prosecute this case at trial. Plaintiff is advised that his failure to respond may result in the Court dismissing this action without further notice.**

With time to think about it, Plaintiff may realize that he wants to tell his side of the story through his own testimony. On the other hand, he is **strongly cautioned** not to proceed with this case to trial if he intends to allow a jury to be seated and then refuse to prosecute this case.

First, if he takes this action, the case will be decided against him. If this occurs, the defense is entitled to seek an award of fees and costs.  Second, the Court will likely order him to show cause why sanctions—including, but not limited to, costs it incurs in summoning a jury—should not be imposed on him.

B.   **JURISDICTION - VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, the events that gave rise to this action occurred in Kings County, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California, Fresno Division. *See* 28 U.S.C. § 1391.

C.   **JURY TRIAL**

A trial by jury was demanded in this matter. (Doc. 29 at 1, 6; *see also* Doc. 101 at 2.) The jury will consist of eight jurors.

D.   **UNDISPUTED FACTS**

Plaintiff did not provide a list of undisputed facts. (Doc. 101 at 2.)

Defendants identify the following undisputed facts:

1. At all times relevant to this action, Plaintiff Allen Hammler (CDCR No. F-73072) was incarcerated at California State Prison, Corcoran ("COR").
2. At all times relevant to this action, Defendants Salcedo, Burnes, and Gooch were employed by the California Department of Corrections and Rehabilitation ("CDCR") at COR as correctional staff.
3. On October 29, 2018, a prisoner housed in COR housing unit 4A1R, cell number 20, set a fire within his cell.
4. On October 29, 2018, Defendant Burnes walked cell to cell in housing unit 4A1R to check on the health and welfare of each inmate.
5. On October 29, 2018, Plaintiff was taken to the medical facility for an electrocardiogram ("EKG"), which revealed normal findings.

(Doc. 100 at 2, citations omitted.)

**E.    DISPUTED FACTS**

**Plaintiff**

1. Whether Plaintiff faced a serious risk of harm on 10/29/2018.
2. Whether Defendants had knowledge that Plaintiff was in danger and failed to address the risk.

(Doc. 101 at 2.)

**Defendants**

1. Whether, on October 29, 2018, the fire burned so bright it could be seen through the reflection on the control tower's glass windows.
2. Whether, on October 29, 2018, the fire produced thick and continual smoke from cell number 20.
3. Whether, on October 29, 2018, smoke from the fire filled the housing unit, and was so thick that it became hard to see through it.
4. Whether, on October 29, 2018, Plaintiff experienced "a round of sharp pains in his chest" and yelled to Defendant Salcedo.
5. Whether, on October 29, 2018, Defendant Salcedo told Plaintiff "you['re] all having

3

chest pains," and failed to respond to assist Plaintiff.

6. Whether, on October 29, 2018, Plaintiff was in obvious distress and wore a towel to cover his face and to filter the smoke.

7. Whether, on October 29, 2018, Plaintiff informed Defendant Gooch that he had a heart condition and was experiencing chest pains.

8. Whether, on October 29, 2018, Defendant Gooch told Plaintiff that providing him assistance "ain't my job" and that Gooch "had to go."

9. Whether, on October 29, 2018, Defendant Burnes disregarded Plaintiff's complaints of experiencing chest pains.

10. Whether, on October 29, 2018, or thereafter, Plaintiff suffered physical injuries from smoke inhalation and complications to a preexisting heart condition.

(Doc. 100 at 2-3, citations omitted.)

**F.    DISPUTED EVIDENTIARY ISSUES/MOTIONS *IN LIMINE***

**1.  Evidentiary Issues**

Plaintiff states that he has no disputed evidentiary issues at this time. (Doc. 101, p. 2).

Defendants state as follows:

Defendants anticipate that Plaintiff will attempt to introduce character evidence of Defendants and witnesses that is inadmissible under the Federal Rules of Evidence, including Rules 401 through 405, and 608. Specifically, Defendants anticipate that Plaintiff will attempt to introduce allegations contained in other lawsuits and inmate appeals/grievances filed against Defendants in this action. Defendants further anticipate a dispute regarding the admissibility of Plaintiff's prior criminal convictions, as well as the admissibility the criminal convictions of present and former inmates called by either party. *See* Fed. R. Evid. 609. Further, Plaintiff should be prevented from presenting inadmissible testimonial or documentary hearsay, including the admissibility of statements signed by witnesses. *See* Fed. R. Evid. 801-807.

Defendants object to any opinion testimony from Plaintiff concerning matters that call for medical expertise.

Defendants reserve objections to specific testimony and exhibits until such time as Defendants have had the opportunity to review Plaintiff's pretrial statement, hear such testimony, and examine such exhibits.

(Doc. 100 at 3-4.)

**2.  Motions *in Limine***

4

The purpose of a motion *in limine* is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion *in limine*, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

**In advance of filing any motion *in limine*, the parties SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions *in limine*. Along with their motions *in limine*, the parties SHALL file a certification demonstrating they have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions *in limine* that the parties intend to file must be filed with the Court no later than **February 16, 2024**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court no later than **March 1, 2024**. No replies will be permitted. Upon receipt of any opposition briefs, the Court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial. The parties are reminded they may still object to the introduction of evidence during trial.

**G.     SPECIAL FACTUAL INFORMATION**

The requirement of providing "special factual information" pursuant to Local Rule 281(b)(6) is not applicable to this action.

**H.     RELIEF SOUGHT**

Plaintiff seeks compensatory and punitive damages.[1] (Doc. 101 at 3.)

Defendants seek entry of judgment in their favor, an award for costs of suit, attorney's fees, and any other relief the Court deems proper. (Doc. 100 at 5.)

**I.     ABANDONED ISSUES**

None.

**J.     WITNESSES**

1. Plaintiff has not identified any witnesses, though he first filed a pre-trial statement six months ago and was granted multiple extensions of time to provide a list of witnesses no later than October 9, 2023.[2] Presumably, however, he intends to testify.

2. The following is a list of witnesses that Defendants expect to call at trial. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

     a.   J. Wilson, Psychiatric Technician (non-expert and expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212;

     b.   Dr. E. Clark, Physician and Surgeon (non-expert and expert testimony) –

---

[1] Plaintiff's operative complaint sought court costs and injunctive relief concerning the placement of cameras in the part of the prison where the events occurred. (Doc. 14 at 22.) However, he makes no mention of injunctive relief in his pretrial statement.

[2] Plaintiff was granted several extensions of time to provide this information, and was ultimately ordered to file any additional pretrial statement identifying witnesses and exhibits no later than September 22, 2023. (Doc. 118 at 3.) Nevertheless, the Court again granted a limited extension in advance of the pre-trial conference, setting a final deadline of October 9, 2023. (Doc. 120.) However, Plaintiff again failed to provide his witness list by the extended deadline. Instead, he filed a document saying that by the time he received the order granting the extension, the time had already passed. Apparently, he decided he would not start to draft the witness list until he received the grant of an extension. Given the amount of time that he has had to draft the document, the Court now understands he simply refuses to do so. At the hearing, Plaintiff continued to press his point that he cannot prepare his pretrial statement. At the same time, he admitted that he had not organized his papers between January 2023 and June 2023, despite a contrary representation on June 11, 2023 (Doc. 111 at 3), and made no presentation that he would do so within a reasonable time. On the other hand, the representation that he had 10 piles of paper, five feet tall in his cell at the time the papers were scrambled by custodial officers and that this constituted "millions" of pages, challenges credulity, given the small size of the cell.

| | | |
|---|---|---|
| 1 | | California State Prison, Corcoran – C/O Litigation Coordinator P. Williams |
| 2 | | – P.O. Box 8800 – Corcoran, CA 93212; |
| 3 | c. | Dr. A. Ramadan, Physician and Surgeon (non-expert and expert testimony) |
| 4 | | – California State Prison, Corcoran – C/O Litigation Coordinator P. |
| 5 | | Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| 6 | d. | Dr. J. Pearce, Physician and Surgeon (non-expert and expert testimony) – |
| 7 | | California State Prison, Corcoran – C/O Litigation Coordinator P. Williams |
| 8 | | – P.O. Box 8800 – Corcoran, CA 93212; |
| 9 | e. | R. McConnell, Physician Assistant ("PA") (non-expert and expert |
| 10 | | testimony) – California State Prison, Corcoran – C/O Litigation |
| 11 | | Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| 12 | f. | Dr. K. Aye, Physician and Surgeon (non-expert and expert testimony) – |
| 13 | | California State Prison, Corcoran – C/O Litigation Coordinator P. Williams |
| 14 | | – P.O. Box 8800 – Corcoran, CA 93212; |
| 15 | g. | L. Vasquez, Registered Nurse ("RN") (non-expert and expert testimony) – |
| 16 | | California State Prison, Corcoran – C/O Litigation Coordinator P. Williams |
| 17 | | – P.O. Box 8800 – Corcoran, CA 93212; |
| 18 | h. | N. Balaba-Gallagher, RN (non-expert and expert testimony) – California |
| 19 | | State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. |
| 20 | | Box 8800 – Corcoran, CA 93212; |
| 21 | i. | S. Cacao, RN (non-expert and expert testimony) – California State Prison, |
| 22 | | Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – |
| 23 | | Corcoran, CA 93212; |
| 24 | j. | J. Ibarra, RN (non-expert and expert testimony) – California State Prison, |
| 25 | | Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – |
| 26 | | Corcoran, CA 93212; |
| 27 | k. | R. Valero, Correctional Officer (non-expert testimony) – California State |
| 28 | | Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box |

|   |   |   |
|---|---|---|
| | | 8800 – Corcoran, CA 93212; |
| | l. | C. Barcenas (formerly Middleton), Correctional Officer (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| | m. | J. Beltran, Correctional Officer (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| | n. | Defendant J. Burnes, Correctional Sergeant (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| | o. | Defendant I. Salcedo, Correctional Sergeant (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| | p. | Defendant K. Gooch, Correctional Officer (retired) (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; |
| | q. | J. Alvarado, Fire Chief (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212; and |
| | r. | D. Jennings, Fire Chief (retired) (non-expert testimony) – California State Prison, Corcoran – C/O Litigation Coordinator P. Williams – P.O. Box 8800 – Corcoran, CA 93212. |

(Doc. 100 at 8-10.)

3. **The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

   a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

8

   b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

 4. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so the Court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   a. The witness could not reasonably have been discovered prior to the discovery cutoff;

   b. The Court and opposing parties were promptly notified upon discovery of the witness;

   c. If time permitted, the party proffered the witness for deposition; and

   d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

 5. Each party may call any witnesses designated by the other.

**K. EXHIBITS, SCHEDULES, AND SUMMARIES**

Plaintiff did not identify any exhibits.[3] (Doc. 101 at 4.) The following is a list of documents or other exhibits that Defendants expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED BELOW, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

   a. Housing Unit 4A1R Log Book Entries – October 29, 2018;

   b. Isolation Log Book Entries – October 29, 2018;

   c. Medical Report of Injury or Unusual Occurrence ("CDCR 7219"), dated October 29, 2018, completed by J. Wilson;

   d. Photographs of Housing Unit 4A1R;

---

[3] As with the extensions granted for Plaintiff to identify witnesses, the Court also granted extensions of time for Plaintiff to identify any exhibits. (Docs. 118, 120.) Plaintiff did not comply with the deadline ordered and has not identified any exhibits.

       e.      Relevant portions of Plaintiff's medical records;

       f.      Relevant portions of Plaintiff's central file;

       g.      Relevant Excerpts of Plaintiff's Deposition Testimony;

       h.      Abstracts of Judgment for Plaintiff's felony convictions; and

       i.      Abstracts of Judgment for any witness Plaintiff calls to testify.

(Doc. 100 at 10.)

    1.    **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

       a.    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

       b.    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

    2.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

       a.    The exhibits could not reasonably have been discovered earlier;

       b.    The Court and the opposing parties were promptly informed of their existence; and

       c.    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

    The parties must exchange exhibits, not previously produced/obtained in discovery, no later than **February 16, 2024**. No later than **March 1, 2024**, the parties **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by the above exhibit exchange deadline.

1.	At the exhibit conference, the parties will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2.	At the conference, the parties shall identify any duplicate exhibits, *i.e.*, any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All joint exhibits will be pre-marked with numbers preceded by the designation "JT" (*e.g.*, JT/1, JT/2, *etc.*). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (*e.g.*, PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (*e.g.*, DX501, DX502, *etc.*). The parties SHALL number each page of any exhibit exceeding one page in length (*e.g.*, PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

3.	As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, *i.e.*, as PX1, or as DX501 and

will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

5. On the index, as to exhibits to which the only objection is a lack of foundation, a party will place a mark under the column heading entitled "Objection Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, a party will place a mark under the column heading entitled "Other Objections."

7. As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, counsel for Defendants **SHALL** develop five complete, legible sets of exhibits. Defendants **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk no later than 4:00 p.m. on **March 8, 2024**, and provide one set to their opponent.

8. The Parties **SHALL** number each page of an exhibit exceeding one page in length.

**L.    POST-TRIAL EXHIBIT RETENTION**

The Court will return all exhibits to the parties, to be retained during the pendency of any appeals. Accordingly, Defendants' request that the Court retain all exhibits pending any decision on appeal (Doc. 100 at 13) is **DENIED**.

**M.    DISCOVERY DOCUMENTS[4]**

---

[4] The parties **SHALL** identify to their opponent the specific documents they intend to use at trial. Vaguely identifying documents as "discovery responses" or "responses to interrogatories," is insufficient **unless** the documents will be used **only** for impeachment.

1    The following is a list of discovery documents – portions of depositions, answers to
2  interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.
3  NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY
4  BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS
5  ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P.
6  16(e); Local Rule 281(b)(12).

7    Plaintiff states that he "reserves [the] right to introduce documents going to moral
8  turpitude of all defense witnesses, *i.e.*, that of Burnes going to his involvement in facilitating
9  murder on 3/9/2019 and prior criminal conduct of 10/1/2018." (Doc. 101 at 4.) **Before the**
10 **Plaintiff seeks to introduce character evidence, as governed by Federal Rules of Evidence**
11 **404, he SHALL first raise the issue with the Court outside the presence of the jury.**

12    Defendants state that they "may introduce Plaintiff's deposition transcript, or portions
13 thereof, for purposes of cross-examination, impeachment, or rebuttal." (Doc. 100 at 10.)
14 ///

15 **N.    FURTHER DISCOVERY OR MOTIONS**

16    Defendants state that they do not contemplate any further discovery and, other than
17 motions *in limine*, they do not anticipate any other pretrial motions. (Doc. 100 at 10.) Defendants
18 may bring motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a)
19 and (b) during and at the close of trial.

20    Plaintiff contends "there are documents that [he] is to convey to Defense upon identifying,
21 but due to events have not been able to." (Doc. 101 at 4.)  To the extent that Plaintiff seeks
22 permission to exchange any additional discovery, his request is **DENIED**. In addition, at the
23 hearing, Plaintiff requested that the defense produce a logbook which, he contends, would list
24 information about witnesses. However, though it wasn't quite clear at the hearing, Plaintiff
25 admitted that he did not seek this information during discovery, or he sought it, but the Court
26 denied his motion to compel production of the particular part of the logbook. Thus, Plaintiff's
27 implied request for additional discovery is **DENIED**.

28 **O.    STIPULATIONS**

Plaintiff offers no stipulations in his pretrial statement. (Doc. 101 at 5.) Defendants offer to stipulate to the authenticity and admissibility of documents from Plaintiff's central and medical prison files. Defendants also offer to stipulate to the authenticity and admissibility of other exhibits, including housing unit log book entries and photographs. (Doc. 100 at 11.)

**P.     AMENDMENTS/DISMISSALS**

On April 7, 2023, the Court dismissed Defendant John Doe from this action, without prejudice. (Docs. 92, 97.)

**Q.     SETTLEMENT NEGOTIATIONS**

The parties participated in a settlement conference on March 30, 2023, but were unable to resolve the case. (Doc. 96.)

**R.     AGREED STATEMENT**

None.

**R.     NEUTRAL STATEMENT**

The Court has drafted the following neutral statement to use during jury selection:

> The plaintiff contends that while housed at California State Penitentiary Corcoran, an inmate set a fire in a cell in the building where the plaintiff was housed. He contends that defendant Salcedo allowed the fire to burn, filling the housing unit with smoke, and failed to take steps to negate the danger posed to the plaintiff by the smoke. The plaintiff alleges he suffered injuries from inhaling the smoke and that defendants Salcedo, Burnes, Gooch and Middleton failed to take steps to address his serious medical needs. The defendants deny these claims.

**S.     SEPARATE TRIAL OF ISSUES**

Citing Federal Rule of Civil Procedure 42(b), Defendant requests bifurcation of the trial on the issue of liability from presentation of evidence concerning the amount of punitive damages, if any. (Doc. 100 at 11.) Plaintiff states that he "objects" but presents no explanation for why he objections. (Doc. 101, p. 6.)

The Court will bifurcate the issue of the amount of punitive damages, if necessary. If the jury awards punitive damages in the first phase of the trial, the trial will proceed to a second phase which will consist of any evidence and argument with respect to the appropriate amount of punitive damages. The parties may not present evidence related to the amount of punitive

damages until the second phase of the trial.

**T.   APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.   ATTORNEY'S FEES**

Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Defendants state that they will seek an award of attorney's fees. (Doc. 100 at 5.)

**V.   TRIAL DATE/ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **March 19, 2024**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last 3 days.

**W.   TRIAL PREPARATION AND SUBMISSIONS**

**1.   Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed no later than **March 8, 2024**.

**2.   Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, no later than **March 8, 2024**.

**3.   Jury Instructions & Verdict Form**

Defendants **SHALL** provide their proposed jury instructions and verdict form to Plaintiff no later than **February 2, 2024**, and file the proposed jury instructions as provided in Local Rule 163 no later than **March 8, 2024**.[5] At the same time, the defense **SHALL** lodge via e-mail a copy of the jury instructions and joint form, in Word format, to JLTOrders@caed.uscourts.gov. If Plaintiff wishes to file proposed jury instructions, he must do so no later than **March 8, 2024**.

**In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil**

---

[5] The defense SHALL provide their pretrial documents so that they are received by the deadline set.

15

**Jury Instructions or California's CACI instructions to the extent possible**. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (*i.e.*, joint, plaintiff's, defendants', *etc.*), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

X.  **OBJECTIONS TO PRETRIAL ORDER**

Within 14 days after the date of service of this order, the parties may file written objections to any of the provisions set forth in this order. The parties may file any replies to the objections within seven days. The objections shall clearly specify the requested modifications, corrections, additions or deletions. **If no objections are filed, the order will become final without further order of the Court.**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

Y.  **COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **October 24, 2023**

UNITED STATES DISTRICT JUDGE