**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOCH, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:19-cv-00653 JLT EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. 131) |

**I.    BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  Specifically, the case is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious risk of harm against Defendant Salcedo and his Eighth Amendment medical indifference claims against Defendants Gooch, Salcedo, and Burnes. (Docs. 14, 23, 97.)  These claims stem from Defendants' alleged inaction in responding to (1) the risk a fire in the prison posed to Plaintiff's safety and (2) his resulting medical needs.  (Doc. 124.)  A jury trial is set to start in this case on March 19, 2024. (*Id.*)

Before the Court is Plaintiff's motion for injunctive relief (Doc. 131).  In the motion, Plaintiff alleges that he is currently housed at California State Prison, Sacramento (CSPS), but was informed that he will be transferred in advance of trial to another facility. (*Id.* at 2.)  Plaintiff further alleges that he will be separated from his legal files and that the legal files will be in

1

disorder upon being given back to him. (*Id.*)  Plaintiff also states that he will not be able to continue preparing for trial if transferred to another facility before the date of the trial. (*Id.* at 1–2.)  Plaintiff asks the Court to issue an injunction directed at Warden Lynch at CSPS and Secretary of California Department of Corrections and Rehabilitation (CDCR) Macomber to hold Plaintiff at CSPS. (*Id.* at 1.)

## II.  DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

As an initial matter, the Court does not have personal jurisdiction over the individuals against whom Plaintiff seeks an injunction, i.e., Warden Lynch, the warden of CSPS, and the secretary of CDCR. In this case, the Court only has personal jurisdiction over the parties, i.e., Plaintiff and Defendants Gooch, Salcedo, and Burnes. In other words, the Court cannot issue an order directing other entities —like the CSPC Warden or CDCR Secretary who are not named as defendants in any operative complaint—to do or refrain from doing something. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Zepeda*, 753 F.2d at 727.

In addition, the claims in Plaintiff's motion are unrelated to the claims at issue in this case. As described above, Plaintiff's operative claims are for Eighth Amendment claim for deliberate indifference to a serious risk of harm against Defendant Salcedo and his Eighth Amendment

medical indifference claims against Defendants Gooch, Salcedo, and Burnes. (Docs. 14, 23, 97.) Plaintiff's claims in his motion, on the other hand, are access-to-court claims based on his ability to prepare for trial during and after the transfer from CSPS to a temporary holding location shortly before and during trial. (Doc. 131.)  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motion, the Court lacks the authority to provide the injunctive relief that Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

Finally, Plaintiff failed to demonstrate irreparable injury if a transfer to another institution occurred.  The Court set trial in this case for March 19, 2024, during the pre-trial conference on October 23, 2023, in which Plaintiff personally participated.  (Doc. 127 at 28.)  Therefore, Plaintiff had four months to prepare for trial.  He has not demonstrated why he could not have sufficiently prepared in advance of any trial.  Thus, Plaintiff's motion for injunctive relief is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 20, 2024**

UNITED STATES DISTRICT JUDGE

3