**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>K. GOOCH, *et al.*,<br><br>　　　　　　Defendant. | No. 1:19-cv-00653-JLT-EPG (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE<br><br>(Doc. 132) |

Defendants filed multiple motions in limine regarding evidence expected to be presented at trial. (Doc. 132.) Plaintiff does not oppose the motions. The Court finds the matters suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618.

**I.     Factual Background**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Specifically, the case is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious risk of harm against Defendant Salcedo and his Eighth Amendment medical indifference claims against Defendants Gooch, Salcedo, and Burnes. (Docs. 14, 23, 97.) These claims stem from Defendants' alleged inaction in responding to (1) the risk a fire in the prison posed to Plaintiff's safety and (2) his resulting medical needs. (Doc. 124.) A jury trial is set to start in this case on March 19, 2024. (*Id.*)

1

## II. Legal Standards Governing Motions in Limine

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citations omitted). "[A] ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (internal quotation marks and citation omitted).

By definition, "in limine" means "at the outset." *Id.* (citing BLACK'S LAW DICTIONARY 803 (8th ed. 2004)). As such, "[i]n the case of a jury trial, a court's ruling 'at the outset' gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury." *Heller*, 551 F.3d at 1111–12. Furthermore, motions *in limine* serve several functional and efficient purposes: they "[1] avoid the futile attempt of unringing the bell when jurors have seen or heard inadmissible evidence, even when stricken from the record; [2] streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial; and [3] permit more thorough briefing and argument on evidentiary issues than would be likely during trial." *Toland v. McFarland*, No. 2:21-cv-04797-FWS-AGR, 2023 WL 8883329, at *1 (C.D. Cal. Oct. 31, 2023) (internal quotation marks and citation omitted).

However, a party may not raise a motion *in limine* to seek a dispositive ruling on a claim. *Id.*; *see also Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim") (citation omitted). Similarly, the Court may not resolve factual disputes or weigh evidence when ruling on a motion *in limine*. *Arriaga v. Logix Fed. Credit Union*, No. CV-18-9128-CBM-(AGRx), 2022 WL 3099220, at *1 (C.D. Cal. Apr. 22, 2022) (footnote and citation omitted) (collecting cases).

Importantly, "[t]he movant has the burden of establishing that the evidence is not admissible for any purpose." *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023)

(citation omitted).[1] To satisfy its burden, the movant "must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). Otherwise, the Court disfavors "[m]otions in limine that seek exclusion of broad and unspecific categories of evidence," *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (citation omitted), and a party's "failure to specify the evidence that a motion in limine seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." *Lewis*, 493 F. Supp. at 861 (internal quotation marks and citation omitted). Essentially, non-specific, vague, and boilerplate motions *in limine* are prohibited. *Nichia Corp. v. Feit Elec. Co., Inc.*, No. CV 20-359-GW-EX, 2022 WL 17885683, at *2 (C.D. Cal. Nov. 29, 2022); *Banga v. Kanios*, No. 16-CV-04270-RS, 2021 WL 4133754, at *3 (N.D. Cal. Sept. 10, 2021).

Finally, "*in limine* rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted). "The district court may change its ruling at trial because testimony may bring in facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070 (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 103, 2000 Advisory Committee Notes ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered."). "Still, parties expect a district court to adhere to its earlier ruling if no facts and circumstances arise to warrant a reversal." *Id.* (internal quotation marks and citation omitted). "When a district court makes a pretrial ruling on a motion *in limine* that is subject to limitations regarding how the evidence actually comes in, and if the testimony stays within those parameters, then no additional objection is necessary." *Id.* (cleaned up) (internal quotation marks and citation omitted).

---

[1] For additional authority regarding the movant's burden, *see also Beasley v. Wells Fargo Bank, NA*, 570 F. Supp. 3d 1131, 1133 (M.D. Fla. 2021) (citation omitted); *Wilder v. World of Boxing LLC*, 220 F. Supp. 3d 473, 478–79 (S.D.N.Y. 2016) (citation omitted); *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016); *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (citation omitted); *United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011); *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citation omitted); *Wilson v. Pepsi Bottling Grp.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (citation omitted); *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994).

**III.   Discussion**

      **A.   Plaintiff's Opinion as to the Nature and Extent of his Alleged Injuries**

Defendants seek to prevent Mr. Hammler from giving opinion testimony regarding his medical opinions, such as diagnosis, prognosis, and causation of alleged injuries. (Doc. 132 at 2-3.) Specifically, Defendants believe that Mr. Hammler may attempt to testify that smoke inhalation on October 29, 2018 caused him to suffer from breathing or cardiac issues, and potentially exacerbated a pre-existing condition. (*Id*.) However, Defendants do not seek to preclude Mr. Hammler from testifying about what he observed, experienced, or felt during or after the incident. (*Id.*)

Under Federal Rule of Evidence 701, a lay witness may testify to opinions that are: (1) "rationally based on the witness's perception;" (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (3) "not based on scientific, technical, or other specialized knowledge" within the scope of expert testimony. *See* Fed. R. Evid. 701, 702. For this reason, courts do not allow lay witnesses to testify as to the cause, effect, diagnosis, or prognosis of their injuries, because such opinions require testimony from a medical expert. *See Howell v. Burns*, 2021 WL 4975187, *7 (E.D. Cal. Oct. 26, 2021) (prohibiting plaintiff from testifying "regarding a diagnosis, prognosis, opinions, inferences, or causation of his alleged injuries as he has no medical expertise, training, or education").

Accordingly, Mr. Hammler is precluded from testifying about medical opinions related to his alleged injuries. However, he may testify about his own personal experiences, including how he felt before and after his alleged injuries, his symptoms, or any physical limitations he experienced due to the alleged injuries. *See Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1121 (E.D. Cal. 2020) ("But lay witnesses can testify as to perceived symptoms (i.e., what is felt, exhibited, or experienced over time) and how a condition affects one's ability to function."). Thus, Defendants' motion in limine is **GRANTED**.

      **B.   Evidence or Testimony Regarding Defendants' Involvement in Other Lawsuits, Claims, or Alleged Misconduct**

Defendants seek to exclude any testimony and evidence regarding Defendants'

4

involvement in other lawsuits, claims, or incidents of alleged misconduct. (Doc. 132 at 4.) Defendants argue that the prior instances of alleged misconduct would be improper character evidence under Rules 404(b)(1) and 403, and that the danger of the evidence causing a prejudicial impact substantially outweighs any relevance under Rule 403. (*Id.* at 5.) Defendants believe the only purpose for this testimony would be "to show Defendants' purported bad character and that they acted in accordance with that character on October 29, 2018." (*Id.*).

Federal Rule of Evidence 404(b) prohibits the use of prior bad acts to prove a person's character to show that the person acted in accordance with that character trait on a particular occasion. Under this rule, evidence of defendant officers' prior misconduct, such as their disciplinary records and history of complaints, are often considered inadmissible as improper character evidence. *See Bryant v. Gallagher*, 2016 WL 5846987, at *2 (E.D. Cal. Oct. 5, 2016); *see also Edwards*, 2016 WL 1588398, at *3 (granting motion in limine to preclude plaintiff from questioning defendants about their personnel records because other inmate's complaints against defendants are irrelevant and improper propensity character evidence under 404(b)).

Mr. Hammler did not oppose Defendants' motion. Because this evidence appears to be character evidence only, the Court **GRANTS** Defendants' motion in limine.

**C.     Evidence that the State May Pay a Judgment Rendered Against Defendants**

Defendants seek to preclude testimony and evidence that demonstrates that the State of California may indemnify Defendants for such judgment. (Doc. 132 at 6.) Under Federal Rule of Evidence 411, whether a person was insured at the time that a party incurred harm is inadmissible to prove liability. The State of California is required to indemnify its employees in most instances in litigation arising from acts committed during the course and scope of their employment. Cal. Gov't Code § 825. Courts typically preclude evidence related to the potential financial repercussions on state or federal government defendants, including "any statements about the State of California's finances, taxpayers paying a judgment, or how much it would cost the state" to provide compensatory relief. *Emery v. Harris*, 2014 WL 467081, at *5 (E.D. Cal. Feb. 5, 2014). The Court agrees that whether the State will pay any judgment imposed, does not bear on any questions raised in this litigation. Thus, the motion is **GRANTED**.

**D.     Plaintiff's Testimony Regarding Matters and Claims Already Dismissed by the Court**

Defendants seek to exclude any evidence relating to claims or defendants that have been dismissed. (Doc. 132 at 7.) On June 3, 2020, the Court dismissed Mr. Hammler's claims for deliberate indifference to serious medical needs against Middleton (Doc. 16 at 13) and R.N. Wilson (*Id*. at 14); his retaliation claims against Burnes, Middleton, and Salcedo (*Id*. at 16); supervisory liability claims against Clark, Llamas, chief of mental health at CSPC, and the secretary of the CDCR. (*Id*. at 16-18.)

Evidence which is not relevant to any existing claim is not admissible. Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Because evidence of these dismissed claims do not bear on the issues raised in this litigation, Defendants' motion in limine is **GRANTED**.

**E.     Evidence or Testimony of Offers to Compromise**

Defendants next move to preclude Plaintiff from offering or eliciting testimony of any offers to compromise or statements made during settlement negotiations pursuant to Federal Rule of Procedure 408. (Doc. 132 at 8.) Defendants proffer the parties engaged in settlement conferences throughout the litigation process and anticipate Plaintiff's only motive for mentioning the details of these conferences would be to argue Defendants' concession of liability based on an expression of willingness to settle, which is prohibited by Rule 408. (*Id*.) The motion is **GRANTED**.

**F.     Hearsay Evidence**

Defendants express concern that Plaintiff may seek to introduce declarations into evidence. (Doc. 132 at 8.) Out-of-court statements are inadmissible hearsay when they are offered to prove the truth of the matter asserted. Fed. R. Evid. 801 & 802. Moreover, a party may not offer a declaration in lieu of a witness' testimony because it deprives the opponent of the opportunity to cross examination of the witness. Thus, the motion is **GRANTED**.

///

## IV. Order

Based on the foregoing, Defendants' motions in limine (Doc. 132) are **GRANTED**.

IT IS SO ORDERED.

Dated: __**March 6, 2024**__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE