1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   ALLEN HAMMLER,                          Case No. 1:19-CV-00653 JLT EPG (PC)

12               Plaintiff,                  ORDER DISMISSING CASE FOR FAILURE
                                             TO PROSECUTE
13        v.

14   K. GOOCH, et al.,

15               Defendant.

16

17        Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil

18   rights action pursuant to 42 U.S.C. 1983. (*See* Doc. 14.) Because Plaintiff has failed to prosecute

19   the action by refusing to be transported to attend trial, this case is **DISMISSED** with prejudice.

20        **I.        Relevant Background**

21        This case was proceeding on Plaintiff's Eighth Amendment claims against Defendants

22   Gooch, Salcedo, and Burnes, stemming from Defendants' alleged inaction in responding to

23   (1) the risk a fire at California State Penitentiary, Corcoran posed to Mr. Hammler's safety and

24   (2) his resulting medical needs. (Docs. 14, 23, 97, 124.)

25        During the pre-trial conference, Mr. Hammler indicated he would not be presenting any

26   evidence at trial. (Doc. 124.)[1] Given this indication, the Court issued an order to show cause why

27   _____

28   [1] Mr. Hammler also indicated at the pretrial conference that he currently has more than 50 civil actions pending.
     (Doc. 127 at 17).

1    the action should not be dismissed. (*Id*.) The Court "**strongly cautioned** [Mr. Hammler] not to

2    proceed with this case to trial if he intends to allow a jury to be seated and then refuse to

3    prosecute the case" and warned him that he would likely be ordered to "show cause why

4    sanctions—including, but not limited to, costs it incurs in summoning a jury—should not be

5    imposed on him." (*Id*. at 2 (emphasis in original).) In response, Mr. Hammler stated that he would

6    "be participating in the [t]rial" and the Court "need not be concerned" because he would testify

7    even if no other witnesses were present. (Doc. 126 at 2.) The Court discharged the order to show

8    cause. (Doc. 128.)

9    On February 22, 2024, the Court denied as untimely Mr. Hammler's *ex-parte* motion

10   (Doc. 134) requesting that several inmates be present for trial. (Doc. 138.) Mr. Hammler was

11   granted multiple extensions to produce a witness list no later than October 9, 2023 (Docs. 118 at

12   3, 120), but failed to identify any witnesses until February 15, 2024. (Doc. 132.)

13   On February 22, 2024, Mr. Hammler also filed a motion to continue the trial date citing a

14   potential transfer. (Doc. 135.) Though a Classification Committee had recommended that Mr.

15   Hammler be transferred from his then-current place of incarceration in Sacramento to another

16   institution, it was unclear at that time whether or when that transfer would take place. (Doc. 136.)

17   Defendants opposed a continuance under the circumstances, stating that any further delay would

18   be prejudicial to them and that "the Attorney General's Office has been assured that officials will

19   take the appropriate steps to ensure Plaintiff has his legal work for this case." (*Id*.) Based in part

20   on Defendants' assurance that Mr. Hammler would have access to his legal documents, the Court

21   denied the motion to continue, noting that "Defense counsel (*see* Doc. 136 at 2-3) and the Court

22   already have expensed resources preparing for trial." (Doc. 137.)

23   On March 7, 2024, Defendants informed the Court that Plaintiff had in fact been

24   transferred to Pelican Bay State Prison (PBSP) the previous day and that the Defense trial

25   exhibits, which had just been served on Plaintiff, were transferred in the same van with Plaintiff

26   to PBSP. (Doc. 143.) Defendants indicated that CDCR would nonetheless make the necessary

27   arrangements for Plaintiff to appear at trial. (*Id*.)

28   The jury trial was set to start in this case on March 19, 2024. (*Id*.) On March 18, 2024,

1    Defendants informed the Court that Mr. Hammler had refused to be transported that morning to

2    attend trial. (Doc. 149.) The Court vacated the trial. (Doc. 150.)

3           Defendants subsequently filed the declaration of A. Tidwell, a correctional sergeant at

4    PBSP. (Doc. 151.) Sergeant Tidwell declared that he informed Mr. Hammler that "the

5    transportation team [was there] to take [him] down to court." (*Id*. at ¶ 8.) Mr. Hammler

6    "responded that he was 'not going there'" and stated that his property had been withheld and he

7    did not have time to call witnesses. (*Id*. at ¶ 9.) Sergeant Tidwell informed Mr. Hammler that he

8    was free to take all the paperwork he needed for trial, but Mr. Hammler nonetheless refused to be

9    transported. (*Id*. at ¶¶ 10–11.)

10   **II.     Failure to Prosecute**

11          "District courts have the inherent power to control their dockets," and in exercising that

12   power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing*

13   *Auth. of Los Angeles*, 782 F. 2d 829, 831 (9th Cir. 1986); *see also Ferdik v. Bonzelet*, 963 F.2d

14   1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

15   complaint); *Malone v. U.S. Postal Serv.*, 833 F2d 128, 130 (9th Cir. 1987) (dismissal for failure to

16   comply with a court order); *Henderson v Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

17   for failure to prosecute and to comply with local rules). Dismissal with prejudice "for willful and

18   inexcusable failure to prosecute" is a "proper exercise[] of discretion under Federal Rules of Civil

19   Procedure 41(b), 16(f), and the inherent power of the court." *Al-Torki v. Kaempen*, 78 F.3d 1381,

20   1385 (9th Cir. 1996); *see also* LR 110 ("Failure of counsel or of a party to comply with … any

21   order of the Court may be grounds for the imposition by the Court of any and all sanctions . . .

22   within the inherent power of the Court").

23   **III.    Discussion and Analysis**

24          To determine whether to dismiss an action for failure to prosecute, the Court must

25   consider several factors, including: "(1) the public's interest in expeditious resolution of

26   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

27   the public policy favoring disposition of cases on their merits; and (5) the availability of less

28   drastic sanctions." *Henderson*, 779 F.2d at 1423–24. However, "a district court is not required to

1  make specific findings on each of the essential factors." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.

2  1994).

### a.  Public Interest

4      In the instant case, the public's interest in expeditiously resolving this litigation weighs in

5  favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The

6  public's interest in expeditious resolution of litigation always favors dismissal.").

### b.  The Court's Docket

8      District Courts have the inherent ability to manage their dockets without being subject to

9  noncompliant litigants. *Ferdik*, 963 F.2d at 1261. Mr. Hammler failed to be transported to attend

10  trial, despite having a trial date set, thereby consuming limited judicial resources. *See Al-Torki*, 78

11  F.3d at 1385 ("The judge is likely to have gone to considerable trouble to clear out time from

12  criminal cases, motion hearings, work in chambers, and other matters, for the civil trial. In many

13  cases [] jurors and witnesses will have been put to great inconvenience."). The Court cannot, and

14  will not, hold this case in abeyance where Mr. Hammler fails to appear at trial and prosecute his

15  claims. *See id.* ("Failure to appear for trial, without excuse [] interferes with the court's docket[.]).

16  Accordingly, this factor weighs in favor of dismissal of the action.

### c.  Prejudice to Defendants

18      To determine whether defendants will suffer prejudice, the Court must "examine whether

19  the plaintiff's actions impair the . . . ability to go to trial or threaten to interfere with the rightful

20  decision of the case." *Malone*, 833 F.2d at 131. The Ninth Circuit observed, "this factor weighs in

21  favor of dismissal regardless of whether the defendants have shown any actual prejudice."

22  *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). "Failure to appear for trial,

23  without excuse, prejudices an adversary… about as much as any procedural default can. The

24  other side is likely to have spent thousands of dollars getting its lawyers ready to try the case and

25  arranging for witnesses and exhibits to be available. If the trial does not proceed, the money and

26  effort will have been wasted." *Al-Torki*, 78 F.3d at 1385. In the instant case, Defendants has

27  previously stated that they have "now expended significant time, preparing for trial, and [have]

28  already sent out subpoenas to witnesses." (Doc. 136 at 1–2.) Any further delay will prejudice

1   Defendants and their ability to resolve the case. Therefore, this factor weighs in favor of dismissal

2   of the action.

### d.   Consideration of Less Drastic Sanctions

4        The Court "abuses its discretion if it imposes a sanction of dismissal without first

5   considering the impact of the sanction and the adequacy of less drastic sanctions." *United States*

6   *v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a

7   party that by failure to obey could result in dismissal satisfies the "consideration of alternatives"

8   requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. Since the Court previously

9   warned Mr. Hammler of the consequences of failing to prosecute this case, the Court concludes

10  further warnings are unnecessary and would not motivate compliance.

### e.   Public Policy

12       Given Mr. Hammler's failure to appear at trial and prosecute his claim, the policy

13  favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

14  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition

15  of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four

16  factors").

17  **IV.   Conclusion and Order**

18       For these reasons and because it appears Mr. Hammler has abandoned this litigation, the

19  Court orders:

20       1.   This action is **DISMISSED** with prejudice.

21       2.   The Clerk of Court is **DIRECTED** to close the action.

22

IT IS SO ORDERED.

23

24   Dated:   __**March 25, 2024**__                    _Jennifer L. Thurston_
                                                         UNITED STATES DISTRICT JUDGE

25

26

27

28